# [J-34-2014]
## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

## CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 65 MAP 2013 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court, entered December 17, 2012, at No. |
| | : 317 MDA 2012, which affirmed the |
| v. | : Judgment of Sentence of Franklin County |
| | : Court of Common Pleas, Criminal |
| | : Division, entered January 11, 2012, at No. |
| TERRY LEE TAYLOR, | : 28-CR-0001177-2011 |
| | : |
| Appellant | : |
| | : |
| | : ARGUED: May 6, 2014 |

## OPINION

**MR. JUSTICE BAER**                    **DECIDED: November 20, 2014**

In this discretionary appeal, Terry Lee Taylor (Appellant) was sentenced for driving under the influence of alcohol or a controlled substance (DUI), without a "full assessment for alcohol and drug addiction," which is required "prior to sentencing" by Section 3814(2) of the Vehicle Code, 75 Pa.C.S. § 3814(2).[1] His sentence, therefore,

---

[1] Section 3814(2) provides, in relevant part, as follows:

If a defendant is convicted or pleads guilty or no contest to a violation of section 3802 (relating to driving under influence of alcohol or controlled substance), the following apply prior to sentencing:

\* \* \*

(…continued)

was imposed without consideration of the drug or alcohol treatment recommendations that an Assessment may have provided. See 75 Pa.C.S. § 3814(4) (requiring drug and alcohol assessment to advance treatment recommendations); id. § 3804(b)(2)(iv) (providing that as part of a defendant's sentence, he must "comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815."); id. § 3815(c) (requiring treatment to "conform to assessment recommendations made under section 3814."). Appellant, therefore, argues that he is entitled to have his sentence vacated, to be assessed in compliance with Section 3814(2), and to be resentenced after consideration of any treatment recommendations proffered therein. The Superior Court rejected this argument, and upheld his judgment of sentence. Because we agree with Appellant that the presentence requirement of Section 3814(2) is a mandatory component of the sentencing scheme for DUI offenders, and that a sentence imposed contrary to these requirements cannot stand, we reverse and remand for resentencing

---

(continued…)

> (2) The defendant shall be subject to a full assessment for alcohol and drug addiction if any of the following subparagraphs apply:
>
>> (i) The defendant, within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under:
>>
>>> (A) section 3802. . . .

75 Pa.C.S. § 3814(2)(i)(A). Section 3802 provides, in relevant part, as follows:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b).

after compliance with Sections 3804, 3814, and 3815 of the Vehicle Code, as explained below.

On October 24, 2011, Appellant pled guilty to DUI for violating Section 3802(b) of the Vehicle Code.  75 Pa.C.S. § 3802(b), supra, n.1.  This was Appellant's second DUI offense.  Thus, the standard range for Appellant's minimum sentence was thirty days to three months of incarceration, and the statutory maximum was six months.  See 75 Pa.C.S. § 3804(b).

Because Appellant was convicted of a violation of Section 3802, he was subject to the provisions of Section 3814, entitled "[d]rug and alcohol assessments," which provides that "[i]f a defendant is convicted or pleads guilty or no contest to a violation of section 3802 (relating to driving under influence of alcohol or controlled substance), the following apply prior to sentencing. . . ."  Id. at § 3814, supra n.1.  First, Section 3814(1) requires that every DUI offender "shall" be subject to an initial evaluation as follows:

> (1) The defendant shall be evaluated under section 3816(a) (relating to requirements for driving under influence offenders) and any other additional evaluation techniques deemed appropriate by the court to determine the extent of the defendant's involvement with alcohol or other drug and to assist the court in determining what type of sentence would benefit the defendant and the public.

75 Pa.C.S. § 3814(1) (hereafter, initial evaluation).  Section 3816(a), in turn, requires the evaluation to utilize:

> . . . evaluation techniques deemed appropriate by the court to determine the extent of the person's involvement with alcohol or controlled substances and to assist the court in determining what sentencing. . . would benefit the person or the public.

Id. at 3816(a).

In addition, Section 3814(2), which is directly implicated in this case, requires that certain DUI offenders, such as Appellant, who, *inter alia*, have had a prior DUI conviction within the last ten years, "shall be subject to a full assessment for alcohol and drug addiction . . . ." Id. § 3814(2), supra n.1. The "full assessment for alcohol and drug addiction" (hereafter, Assessment) is to be conducted by the Department of Health or its designee, the county agency with responsibility for drug and alcohol treatment programs, or personnel licensed by the Department of Health to conduct drug and alcohol treatment programs. Id. § 3814(3). Section 3814(4) directs that "[t]he [Assessment] shall consider issues of public safety and shall include recommendations for all of the following: (i) Length of stay[;] (ii) Levels of care[;] [and] (iii) Follow-up care and monitoring." Id. § 3814(4).

If the offender is "determined to be in need of additional treatment pursuant to section 3814(2)," then the statute directs the sentencing court to impose "a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum." Id. § 3804(d).[2] The statute further vests the sentencing court with "parole authority and supervision," id. § 3815(a), and directs that offenders identified by the

---

[2] Section 3804(d) provides as follows:

If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstanding the provisions of 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S. § 3804.

Assessment as being in need of drug and alcohol treatment are eligible for parole following the expiration of their minimum sentence.  Id. § 3815(b)(1).[3]  These offenders

---

[3]  Section 3815 provides, in relevant part, as follows:

(b) Parole.--

(1) An offender who is determined pursuant to section 3814 (relating to drug and alcohol assessments) to be in need of drug and alcohol treatment shall be eligible for parole in accordance with the terms and conditions prescribed in this section following the expiration of the offender's mandatory minimum term of imprisonment.

(2) The following shall be conditions of parole:

(i) If the offender is not determined under the procedures set forth in section 3814 to be addicted to alcohol or another substance, the offender must refrain from:

(A) the use of illegal controlled substances; and

(B) the abuse of prescription drugs, over-the-counter drugs or any other substances.

(ii) If the offender is determined under the procedures set forth in section 3814 to be addicted to alcohol or another substance, the offender must do all of the following:

(A) Refrain from:

(I) the use of alcohol or illegal controlled substances; and

(II) the abuse of prescription drugs, over-the-counter drugs or any other substances.

(B) Participate in and cooperate with drug and alcohol addiction treatment under subsection (c).

(c) Treatment.--

(1) Treatment must conform to assessment recommendations made under section 3814.

(2) Treatment must be conducted by a drug and alcohol addiction treatment program licensed by the Department of Health.

(…continued)

are subject to the sentencing court's parole conditions, which include refraining from the use of alcohol or drugs and participating in and cooperating with the drug and alcohol treatment recommended in the Assessment. Id. § 3815(b)(2)(ii), (c). An offender who fails to comply with the treatment ordered by the sentencing court is subject to the revocation of parole. Id. § 3815(d)(2)(i).[4]

Appellant was scheduled for sentencing on November 23, 2011. He appeared for sentencing on that date and indicated to the court that due to neuropathy in his legs, which involved being fitted for leg braces, he would be unable to serve the thirty day minimum sentence of incarceration associated with his conviction,[5] and requested instead to be given an intermediate sentence of home confinement with electronic monitoring.[6] Rather than impose a sentence at that time, the sentencing court

_____

(continued…)

> (3) The treatment program shall report periodically to the assigned parole officer on the offender's progress in the treatment program…

75 Pa.C.S. § 3815.

[4] Section 3815 also addresses the funding of Assessments, directing that the sentencing court "shall impose upon an offender . . . reasonable fees to cover the cost of . . . [a]n assessment of the offender . . . . [and] [d]rug or alcohol treatment provided in accordance with the assessment." Id. § 3815(f)(1). If the sentencing court finds that the offender is unable to pay the full amount of these costs, then it "shall require the offender to pay as much of the fee as is consistent with the offender's ability to pay and shall direct the assigned parole officer to establish a reasonable payment schedule for the offender to pay as much of the remaining fees as is consistent with the offender's ability to pay." Id. § 3815(f)(2).

[5] Appellant stated at a subsequent sentencing hearing that he was unable to serve the minimum term of incarceration because of the therapy involved with the neuropathy. Notes of Testimony, 1/11/2012, at 2.

[6] As we explained in Commonwealth v. Kyle, 874 A.2d 12, 24 (Pa. 2005):
(…continued)

continued the matter in order to provide Appellant the opportunity to obtain documentation to substantiate his asserted medical condition. Additionally, the sentencing court would later state that on this date it brought up the need for an Assessment as required by Section 3814(2). Notes of Testimony, 1/11/2012, at 4.[7]

On January 11, 2012, Appellant appeared for the newly scheduled sentencing hearing. He provided medical information to substantiate his asserted medical condition, and renewed his request that the court sentence him to home confinement with electronic monitoring for medical reasons.[8] Additionally, Appellant argued that he was entitled to an Assessment prior to sentencing, that the court was obligated to order one of the entities designated in Section 3814(3) to conduct an Assessment, and that his sentence should reflect any treatment recommendations made therein. The court, however, stated that the burden was on Appellant to contact one of the responsible

---

(continued…)

> 42 Pa.C.S. § 9763(c) authorizes a sentencing court to impose intermediate punishment as part of a sentence for DUI. Pursuant to that intermediate punishment, the court may attach any of a number of conditions upon the defendant as it deems necessary. . . . The Pennsylvania Code also sets forth the various levels of intermediate punishment. 204 Pa.Code § 303.12.

[7] Although the court indicated that the subject of the Assessment was mentioned at the November 23, 2011 sentencing hearing, at oral argument before this Court, the parties conceded that in Franklin County there is no procedural mechanism in place for an offender to obtain an Assessment. Appellant therefore did not, at any time, receive such Assessment.

[8] Although the sentencing transcripts reflect that Appellant provided the court with documentation regarding his medical condition, the Commonwealth asserts that Appellant did not. Appellant's medical condition, however, is not germane to the current appeal.

entities to obtain an Assessment prior to sentencing, and suggested that having failed to do so, Appellant had waived his entitlement to a sentence that incorporated treatment.

In determining Appellant's sentence, the court reviewed a "DUI Sentence Recommendation Sheet" prepared by the Franklin County Adult Probation Office, which suggested the performance of an Assessment in accord with Section 3814(2). Notwithstanding the lack of an Assessment, the sentencing court sentenced Appellant to a term of incarceration and denied his request for intermediate punishment for two reasons: first, to the extent Appellant's request was motivated by his need for medical treatment, the sentencing court was willing to allow medical release from jail for treatment;[9] second, to the extent Appellant's request was premised on his desire for drug and alcohol treatment, the trial court stated that an Assessment was a prerequisite for such treatment and faulted him for failing to obtain one. The court imposed a sentence of forty-five days to six months in the Franklin County jail, staying imposition of the sentence pending this appeal upon Appellant's request. The sentencing order further directed Appellant to obtain an Assessment post-sentence.[10]

Appellant appealed to the Superior Court, raising two issues: whether the sentencing court imposed an illegal sentence in contravention of Section 3814(2) by sentencing him without first obtaining an Assessment; and whether the burden was on

---

[9]    See 42 Pa.C.S. § 9813 (providing that the trial court may make "the offender eligible to leave the jail during necessary and reasonable hours for the purpose of . . . securing medical treatment . . .").

[10]    In particular, under a section entitled "treatment requirements" in the sentencing order, the court directed Appellant to complete "Drug and Alcohol Treatment *75 Pa.C.S.A. 3814(2) Full Drug & Alcohol Assessment*" (emphasis in original).

Appellant to obtain an Assessment prior to sentencing, such that his failure to do so resulted in waiver of this presentence requirement.

In its Rule 1925(a) opinion, Pa.R.A.P. 1925(a), the sentencing court noted that it "arguably committed" an error of law by failing to compel a presentence Assessment, recognizing a recent Superior Court decision, Commonwealth v. Borovichka, 18 A.3d 1242 (Pa.Super. 2011), in which the court accepted the argument that a Section 3814(2) Assessment is a mandatory presentence condition.

In Borovichka, the defendant was sentenced for a tier three, second offense DUI to a minimum ninety day term of incarceration with a maximum sentence of one year, well below the statutory maximum of five years applicable to his offense, without having first undergone an Assessment. The Commonwealth appealed, arguing that an Assessment completed following sentencing[11] indicated the defendant's need for treatment, triggering the sentencing court's obligation under Section 3804(d) to sentence him to the statutorily available maximum sentence of five years. The Commonwealth argued that Borovichka's sentence was illegal because it was imposed prior to the completion of the drug and alcohol Assessment, contrary to Section 3814(2).

The Superior Court agreed, holding that by requiring the Assessment to be conducted prior to sentencing, the legislature sought to provide the sentencing court with information necessary to address the extent of the offender's involvement with drugs or alcohol, and impose a sentence for the benefit the offender and the public. 18 A.3d at 1242. The Superior Court held that because the court had imposed a sentence

---

[11]    It is unclear why the sentencing court directed an Assessment to be completed post-sentence, contrary to the language of Section 3814(2).

without first obtaining an Assessment, it lacked the requisite information to craft individualized punishment and rehabilitation as required by Sections 3814 and 3804. Thus, the court vacated the judgment of sentence, and remanded for resentencing. Id.

Notwithstanding Borovichka and the sentencing court's observation that it arguably committed an error of law by imposing a sentence without the benefit of an Assessment, the sentencing court nevertheless explained its view that sentence illegality is confined to circumstances not present here, such as where the sentence exceeds the lawful maximum range or the court lacks jurisdiction. See e.g., Commonwealth v. Shiffler, 879 A.2d 185 (Pa. 2005) (finding the sentence was illegal because the mandatory sentence exceeded what the defendant could have received for the crime committed); Commonwealth v. Quinlan, 639 A.2d 1235 (Pa. Super. 1994) (holding that a probationary sentence was illegal where the court lacked jurisdiction in 1990 to order probation retroactive to May 1988). The implication of the sentencing court's view in this regard was that it did not believe Appellant's appeal presented an issue concerning sentence legality, suggesting that it instead implicated the discretionary aspects of the sentence. See 42 Pa.C.S. § 9781 (providing that a defendant may appeal as of right the legality of the sentence, but has to petition for allowance of appeal of the discretionary aspects of a sentence to the appellate court with initial jurisdiction over such appeals).

With regard to Appellant's second issue on appeal, the sentencing court explained its view that the burden of obtaining the Assessment is on the offender. The court suggested that the basis for this conclusion was the cost of the Assessment and the source of payment, stating that the agencies directed in Section 3814(3) to provide

the Assessment are not court agencies, and Franklin County had not provided the resources to pay for Assessments. The court suggested that by not obtaining an Assessment independently, Appellant had waived any sentencing benefit that could have resulted therefrom.

On appeal to the Superior Court, Appellant relied on Borovichka and the plain language of Section 3814(2) to argue that an Assessment was required prior to the imposition of sentence, and that a sentence imposed without it was an illegal sentence. Appellant further argued that the sentencing court committed an error of law by requiring him independently to obtain an Assessment, and in suggesting that by failing to do so Appellant had waived any sentencing or treatment benefit that may have resulted from it.

The Superior Court affirmed in an unpublished memorandum, holding that a sentence imposed without having first received a presentence Assessment was not an illegal sentence. The court reasoned that because Section 3804(d) requires imposition of the statutorily available maximum sentence where an individual has been found in need of drug or alcohol treatment pursuant to an Assessment, and the sentencing court sentenced Appellant to the statutory maximum of six months of incarceration, the results of an Assessment would have had no impact on Appellant's maximum sentence. Accordingly, the Superior Court surmised that "there is no contention that [Appellant] received an illegal sentence, other than the complaint that [he] was sentenced prior to the completion of a full drug and alcohol assessment pursuant to Section 3814." The Superior Court did not address Appellant's position that it was not his burden to contact the responsible agencies to obtain the Assessment or that waiver concepts did not

apply in this sentencing context; nor did the court confront the mandatory language of Section 3814(2) requiring a presentence Assessment or the Assessment's purpose in allowing for parole with conditions after completion of a defendant's mandatory minimum sentence.

We granted allowance of appeal to address three issues: (1) "whether a sentencing court has the authority to sentence an individual for a violation of 75 [Pa.C.S.] § 3802 (DUI) prior to the completion of a full drug and alcohol assessment under the requirements of [75 Pa.C.S. § 3814(2)];" (2) whether "the language of 75 [Pa.C.S.] § 3814 [is] a mandatory sentencing provision requiring a sentencing court to comply with its requirements prior to the imposition of a sentence for a DUI violation, or [whether] § 3814 [is] an optional provision that can be disregarded at the court's discretion;" and (3) whether "a [d]efendant [has] the ability through conduct, or otherwise, to waive the requirements of 75 [Pa.C.S.] § 3814, and permit a sentencing court to enter a sentence even though a full drug and alcohol assessment has not been completed prior to sentencing." Commonwealth v. Taylor, 74 A.3d 122 (Pa. 2013). When addressing questions of law such as the interpretation of a statute, our scope of review is plenary, C.B. ex rel. R.R.M. v. Com., Dept. of Public Welfare, 786 A.2d 176, 180–81 (Pa. 2001), and our standard of review is *de novo*, South Newton Twp. Electors v. South Newton Twp. Sup'r, Bouch, 838 A.2d 643, 645 (Pa. 2003).

Addressing the first two issues together, Appellant argues that the Section 3814(2) Assessment is mandatory and must be completed prior to sentencing. As support, Appellant relies on a plain reading of Sections 3814, 3804, and 3815, and the Superior Court decision in Borovichka.

Appellant argues that Chapter 38 of Title 75 repeatedly indicates that the Assessment is a mandatory presentence requirement, relying on several specific provisions. First, Appellant notes that the prefatory language of Section 3814 plainly indicates that the requirements of that section apply "prior to sentencing." 75 Pa.C.S. § 3814. Next, Appellant relies on the General Assembly's choice of the imperative "shall" in Section 3814(2)(i)(A), which directs that if the offender has a prior DUI offense within the last ten years, "the defendant shall be subject to a full assessment for alcohol and drug addiction. . ." Id. § 3814(2)(i)(A).[12] Third, Appellant observes that Section 3804(b)(2)(iv) directs that a DUI offender "shall be sentenced" to "comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815," which he argues clearly indicates that the Assessment on which such treatment requirements are premised must occur presentence.[13]

---

[12] As noted supra, n. 1, Section 3814(2)(i)(A) provides as follows:

If a defendant is convicted or pleads guilty or no contest to a violation of section 3802 (relating to driving under influence of alcohol or controlled substance), the following apply prior to sentencing:

* * *

(2) The defendant shall be subject to a full assessment for alcohol and drug addiction if any of the following subparagraphs apply:

(i) The defendant, within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under:

(A) section 3802. . . .

75 Pa.C.S. § 3814(2)(i)(A).

[13] Section 3804(b)(2) and (d) provide as follows:

(b) High rate of blood alcohol; minors; commercial vehicles and school buses and school vehicles; accidents.--Except as set forth in subsection (c), an individual who violates section 3802(a)(1) where there was an

(…continued)

Fourth, Appellant relies on Section 3804(d), supra n. 13, which directs that if an offender "is determined to be in need of additional treatment pursuant to Section 3814(2) [relating to the full drug and alcohol Assessment], the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. . ." Id. § 3804(d). He argues that this section also clearly indicates the legislative intent that the Assessment occur prior to sentencing to enable the sentencing court to consider its results in imposing a sentence. Finally, Appellant relies on the parole supervision requirements of Section 3815(b), supra n.3, which provide

---

(continued…)

accident resulting in bodily injury, serious bodily injury or death of any person or damage to a vehicle or other property or who violates section 3802(b), (e) or (f) shall be sentenced as follows:

\* \* \*

(2) For a second offense, to:

(i) undergo imprisonment of not less than 30 days;

(ii) pay a fine of not less than $750 nor more than $5,000;

(iii) attend an alcohol highway safety school approved by the department; and

(iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

\* \* \*

(d) Extended supervision of court.--If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstanding the provisions of 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S. § 3804(b)(2), (d).

that an offender who is determined by the Assessment to be in need of additional treatment shall be eligible for parole in accord with the terms and conditions of Section 3815, and further lists specific parole conditions applicable to offenders who are and are not, according to their Assessment, in need of treatment; further indicating that the sentencing court is required to review the recommendations of the Assessment before sentencing and parole, and to impose a sentence of parole that accommodates them.

Appellant argues that his construction of these provisions of Chapter 38 is consistent with the policy behind them. Specifically, according to Appellant, Section 3814 is a remedial statute through which the legislature sought to combine punishment with treatment options for repeat DUI offenders and to enable the sentencing courts to consider an offender's treatment when imposing a sentence. See 75 Pa.C.S. § 3814(1) (with regard to the initial evaluation, providing that a DUI offender "shall" be subject to "evaluation techniques deemed appropriate by the court to determine the extent of the defendant's involvement with alcohol or other drug and to assist the court in determining what type of sentence would benefit the defendant and the public."); id. § 3814(4) (requiring the Assessment mandated by Section 3814(2) to include recommendations concerning length of stay, levels of care, and follow-up care).

Appellant argues that a sentencing court could not accomplish the remedial legislative purposes of rehabilitation for the benefit of offenders and the public if the Assessment and recommendation are not completed and considered prior to sentencing. According to Appellant, utilizing the Assessment to inform the sentencing court of an offender's drug or alcohol treatment needs after sentencing, as the sentencing court in this case contemplated, would lead to an absurd result because an

offender would already have been sentenced without consideration of his treatment needs. As further support, Appellant relies on Borovichka and the Superior Court's acceptance of the argument, in the context of that case, that a Section 3814(2) Assessment is a mandatory presentence condition.

Turning to the final issue on appeal, Appellant argues that a defendant has no ability, through conduct or otherwise, to waive the requirements of Section 3814. Appellant characterizes the Section 3814(2) Assessment not as a right that may be waived by a criminal defendant, but as a mandatory component of the sentencing scheme. He asserts that he can no more waive the Assessment and drug and alcohol treatment requirements imposed under Sections 3814 and 3815 than he can waive the mandatory minimum fines and incarceration terms required by Section 3804. See 75 Pa.C.S. § 3804, supra, n.13.

Responding to the first two issues together, the Commonwealth argues that, as the Superior Court reasoned, "there is no contention that Appellant received an illegal sentence other than the fact that an [Assessment] was not completed pursuant to 75 Pa.C.S.A. § 3814." Commonwealth's Brief at 4. The Commonwealth asserts that although Section 3804(d) requires the sentencing court to enter a maximum sentence equal to the statutorily available maximum when a person is assessed and found to be in need of additional drug and alcohol treatment pursuant to Section 3814, there is no requirement that a lesser sentence be imposed if a person is assessed and found not to be in need of additional treatment. Therefore, according to the Commonwealth,

Appellant is not entitled to a lesser sentence, and the results of an Assessment would not render his sentence illegal.[14]

Turning to Borovichka, the Commonwealth distinguishes that case factually as follows: Borovichka received an illegal sentence because the results of a post-sentence Assessment indicated the defendant's need for drug and alcohol treatment, thereby triggering the sentencing court's obligation to impose the statutory maximum sentence of five years. The sentencing court, however, having sentenced the defendant prior to the completion of the Assessment, had not imposed the five-year statutory maximum, sentencing him instead to a maximum sentence of one year. According to the Commonwealth, Appellant is not in the same position as the defendant in Borovichka because the sentencing court here already imposed the statutory maximum. Therefore, according to the Commonwealth, if a hypothetical Assessment indicated that Appellant was not in need of drug and alcohol treatment, this would not entitle him to a lesser sentence; and if that Assessment indicated the need for such treatment, the six month statutory maximum sentence Appellant has already received would apply.

Turning to the third issue, the Commonwealth argues that a defendant has the ability, through his conduct or otherwise, to waive the requirements of Section 3814, and to permit the trial court to impose sentence without the benefit of the Assessment. Under these facts, the Commonwealth argues that Appellant had nearly two months between the initial sentencing hearing on November 23, 2011, and the rescheduled

---

[14]  In making this argument, it appears that the Commonwealth, like the sentencing court, takes a narrow view of sentence legality, premised on the proposition that the legality of a sentence is not implicated if the sentence is within the standard range. See, e.g., Shiffler, 879 A.2d at 189 (providing that if the appellant's sentence exceeded the lawful maximum, it would be deemed illegal).

sentencing hearing on January 11, 2012, within which to have the Assessment completed. Having failed to do so, according to the Commonwealth, Appellant forfeited his right to the Assessment and to have the sentencing court consider his treatment needs.

Before analyzing the relevant statutory sections, we turn to the Commonwealth's position that Appellant's issues on appeal do not implicate the legality of his sentence because it was within the statutory range. It appears to be the Commonwealth's position that absent the imposition of a sentence that exceeds the statutory maximum, Appellant cannot forward a preserved claim implicating the legality of his sentence.

The question of whether a claim implicates the legality of a sentence, as opposed to the discretionary aspects of a sentence, is relevant for purposes of Section 9781 of the Sentencing Code, 42 Pa.C.S. § 9781.[15] According to Section 9781, if the issue implicates the legality of the sentence, the defendant may appeal as of right to the

---

[15]     Section 9781 provides, in relevant part, as follows:

a) Right to appeal.--The defendant or the Commonwealth may appeal as of right the legality of the sentence.

(b) Allowance of appeal.--The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

* * *

(f) Limitation on additional appellate review.--No appeal of the discretionary aspects of the sentence shall be permitted beyond the appellate court that has initial jurisdiction for such appeals.

42 Pa.C.S. § 9781.

Superior Court, and this Court may consider the issue on permissive appeal, see 42 Pa.C.S. § 9781(a); if the issue concerns the discretionary aspects of the sentence, however, the litigant must petition the Superior Court for allowance of appeal, id. § 9781(b); Pa.R.A.P. 2119(f), and "[n]o appeal . . . shall be permitted beyond the appellate court that has initial jurisdiction for such appeals." Id. § 9781(f). Moreover, the legality/discretionary aspects of sentence dichotomy determines the parties' issue preservation obligations. See, e.g., Commonwealth v. Dickson, 918 A.2d 95, 99 (Pa. 2007) ("if the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived.").

Whether a question implicates the legality of a sentence presents a pure question of law. Commonwealth v. Eisenberg, 2014 WL 4079968 at *5 (Pa. Aug. 19. 2014); Commonwealth v. Foster, 17 A.3d 332, 340 n.13 (Pa. 2011) (Opinion Announcing Judgment of Court by Baer, J.) (citing Commonwealth v. Samuel, 961 A.2d 57 (Pa. 2008)). Recent cases by this Court have resulted in numerous expressions of sentence illegality. See, e.g., Foster (resulting in four separate opinions explaining preferred approaches to sentence illegality for purposes of issue preservation); see also Commonwealth v. Spruill, 80 A.3d 453, 460-61 (Pa. 2013) (noting the complexities involved in claims implicating sentence illegality, which are most often offered to overcome a failure to preserve a sentencing issue before the trial court or to secure direct review before the Superior Court without having to petition separately for allowance of review in accord with Section 9781(b)). Although the classic example of sentence illegality is where the sentence imposed exceeds the statutory maximum, see,

e.g., Shiffler, 879 A.2d at 189, there are numerous other instances as well. Spruill, 80 A.3d at 461 (citing Foster, 17 A.3d at 342-344 (collecting cases)); see also Eisenberg, 2014 WL 4079968 *5.

We are not confronted in this case by the divisive circumstance of sentence illegality often asserted to overcome a failure to preserve an issue below. Appellant's claim was properly preserved and the Commonwealth does not argue otherwise. However, we must still determine whether Appellant's issues implicate the legality of his sentence, as opposed to the discretionary aspects of his sentence, because of the dichotomy of Section 9781, as discussed below. See Eisenberg, 2014 WL 4079968 *5.

In this respect, the basis of Appellant's challenge is that the sentencing court had no discretion to impose a sentence without the legislatively required Assessment contained within Section 3814(2), thereby implicating the legality of his sentence. See In re M.W., 725 A.2d 729 (Pa. 1999) (holding that the challenge by a juvenile, who had been adjudicated delinquent pursuant to a plea agreement, to the juvenile court's authority to impose a restitution order presented an issue that centered "upon the juvenile court's statutory authority to order restitution; thus, it implicates the legality of the dispositional order").

The Commonwealth does not respond by arguing that Appellant's claims involve the discretionary aspects of sentencing; rather, it maintains that because the sentence is within the statutory range, it is not illegal. Respectfully, this distorts the issue. Although Appellant's sentence may not be an illegal sentence because it is within the statutory range, his issues on appeal may nevertheless implicate the legality of his sentence and, therefore, be reviewed by this Court pursuant to Section 9781(a),

because the General Assembly required a presentence Assessment that did not occur herein. Simply put, the concept of "legality of sentence" encompasses more than whether a sentence is illegal because it exceeds the statutory maximum. Here, where the General Assembly established a mandatory sequential sentencing scheme that was not followed, we conclude that Appellant's challenge implicates the legality of his sentence, notwithstanding that the sentence fell within the statutory range.

The issues for which we granted allowance of appeal involve the interpretation of several provisions of Chapter 38 of Title 75, specifically, Sections 3814-15 and 3804. As in all cases interpreting a statute, we are guided by the provisions of the Statutory Construction Act, 1 Pa.C.S. § 1901 *et seq*. Pursuant to this Act, the object of all statutory construction is to ascertain and effectuate legislative intent. See 1 Pa.C.S. § 1921(a) ("The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly"); Sternlicht v. Sternlicht, 876 A.2d 904, 909 (Pa. 2005). The best indication of this intent is the plain language of the statute. Sternlicht, 876 A.2d at 909; Commonwealth v. Gilmour Manufacturing Co., 822 A.2d 676, 679 (Pa. 2003). Further, in analyzing the statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage. . . ." 1 Pa.C.S. § 1903. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

Applying the rules of statutory construction to the several provisions of Chapter 38, we conclude that Appellant is correct on the first two issues because the plain language of Section 3814(2) indicates that an Assessment is a mandatory presentence

requirement. Section 3814 and other provisions pertaining to drug and alcohol assessments and treatment were enacted in 2003 as part of significant changes to Pennsylvania's drunk-driving laws, which included lowering the legal blood-alcohol level for DUI and focusing on drug and alcohol evaluation and treatment. See, e.g., Pennsylvania Governor's Message, 9/30/2003 (available in the statutory legislative history, 75 Pa.C.S. § 3814). For every DUI offender who is convicted of a violation of Section 3802 ("Driving under the influence of alcohol or controlled substance"), the provisions of Section 3814 "apply prior to sentencing." 75 Pa.C.S. § 3814.[16]

Relevant to this case, Section 3814(2) directs that the offender "shall be subject to a full assessment for alcohol and drug addiction" if any of several subsections apply, including where the offender has a prior DUI conviction within the last ten years.[17] By

---

[16] Consistent with the legislative scheme to focus on drug and alcohol evaluation and treatment, Section 3814(1) directs that every DUI offender be subject to any evaluation techniques the trial court deems appropriate "to determine the extent of the defendant's involvement with alcohol or other drug and to assist the court in determining what type of sentence would benefit the defendant and the public." 75 Pa.C.S. § 3814(1).

[17] Specifically, the full Assessment under Section 3814(2) applies under the following circumstances:

(i) The defendant, within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under:

(A) section 3802;

(B) former section 3731; or

(C) an equivalent offense in another jurisdiction.

(ii) Either:

(A) the evaluation under paragraph (1) indicates there is a need for counseling or treatment; or

(B) the defendant's blood alcohol content at the time of the offense was at least .16%.

(…continued)

requiring the full Assessment under certain, specified circumstances "prior to sentencing," Section 3814(2) plainly and unambiguously requires its completion prior to the court's imposition of the sentence, and demonstrates the legislative intent that the sentencing court utilizes the Assessment as a sentencing tool in creating a sentence for the benefit of the offender and the public.

Further, by phrasing the requirement in mandatory language, the General Assembly left no doubt that the Assessment is a mandatory part of the sentencing scheme that cannot be dispensed with at the sentencing court's discretion. 75 Pa.C.S. § 3814(2) ("The defendant *shall* be subject to a full assessment for alcohol and drug addiction. . . .") (emphasis added).

This conclusion is supported by the mandatory requirement in Section 3814(4) that the full drug and alcohol Assessment required by Section 3814(2) "shall consider issues of public safety and shall include recommendations for" length of stay, levels of care, and follow-up care and monitoring. 75 Pa.C.S. § 3814(4). By requiring the presentence Assessment to include these recommendations, the General Assembly intended that the sentencing court consider the offender's treatment needs in creating a sentence for the benefit of the offender and the public. Id.; see also § 3815(c) (providing that offenders whom the Assessment indicates are addicted to drugs or alcohol must participate in drug and alcohol treatment, which, in turn, "must conform to assessment recommendations made under section 3814").

---

(continued…)

75 Pa.C.S. § 3814(2). Appellant herein was subject to the Assessment by virtue of his prior conviction, within ten years, for an offense under Section 3802.

The General Assembly's intent in regard to the mandatory, presentence requirement of Section 3814(2) is reflected elsewhere in Chapter 38. In particular, by requiring every person convicted of DUI to be subject to the initial evaluation of Section 3814(1) ("[t]he defendant shall be evaluated" under Section 3816(a), which in turn requires a determination of the offender's involvement with drugs or alcohol), and providing that the purpose is to assist the sentencing court "in determining what type of sentence would benefit the defendant and the public," id., the General Assembly has indicated that the initial evaluation is also mandatory and must be completed prior to sentencing.

Turning to Section 3804, which establishes penalties for DUI, we agree with Appellant that this section reflects a remedial sentencing scheme that is focused on punishment as well as obtaining needed drug and alcohol treatment for offenders. For each offense, at each of three levels of impairment, Section 3804 directs that the offender "shall be sentenced" to a term of imprisonment or probation, a fine, and to comply with "all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing)." 75 Pa.C.S. § 3804(a)(1)(iv). See also id. § 3804(a)(2)(iv); § 3804(a)(3)(iii); § 3804(b)(1)(iv); § 3804(b)(2)(iv); § 3804(b)(3)(iii); § 3804(b)(4)(iii); § 3804(c)(1)(iv); § 3804(c)(2)(iv); § 3804(c)(3)(iii). An offender cannot be sentenced to comply with the treatment identified in the Assessment if the Assessment is not completed prior to sentencing.

Additionally, Section 3804(d) provides that the sentencing court is to utilize the results of the Assessment in imposing "a minimum sentence as provided by law and a

maximum sentence equal to the statutorily available maximum." 75 Pa.C.S. § 3804, n.3, <u>supra</u>. The sentencing court would be without the necessary information to impose such a sentence, and to require necessary treatment, without the benefit of a presentence Assessment.

Finally, according to Section 3815, which vests the sentencing court with parole authority over DUI offenders, an offender who is determined pursuant to Section 3814(2) "to be in need of drug and alcohol treatment shall be eligible for parole" in accord with the terms of Section 3815 following the expiration of the minimum sentence. Section 3815(2) imposes separate conditions on offenders who are not determined by the procedure of Section 3814 to be addicted to alcohol or another substance, and another set of conditions for those who are so determined. For offenders in the latter category, any drug and alcohol treatment that is ordered by the sentencing court must conform to the recommendations set forth in the full Assessment. Without the presentence Assessment the sentencing court will not know of the offender's treatment needs, if any, and would be unable to comply with Section 3815.

The Commonwealth takes a narrow view of the Vehicle Code and the interaction between the full Assessment required by Section 3814(2) and sentencing. Relying on Section 3804(d), the Commonwealth argues that if the sentencing court has imposed the statutory maximum sentence, the sentence is legal, and the lack of the mandatory, presentence Assessment is irrelevant. Section 3804's requirement that the sentencing court impose a sentence equal to the statutory maximum, however, flows directly from that court's consideration of the Assessment and the offender's need or lack thereof for drug or alcohol treatment. 75 Pa.C.S. § 3804(d) (providing that where an offender is

determined to be in need of additional treatment pursuant to the Section 3814(2) Assessment, then the sentencing court is required to impose the statutory maximum). The purpose of imposing the statutorily available maximum sentence against such offenders is to extend the sentencing court's parole authority pursuant to Section 3815 to require the offender to complete needed treatment. Id. § 3815(b)(2)(ii)(B) (directing the sentencing court to require compliance with the treatment needs revealed by an Assessment as a parole condition for offenders addicted to drugs or alcohol); § 3815(c) (providing that treatment imposed as a parole condition "must conform to assessment recommendations made under section 3814."). Thus, consideration of an offender's need for treatment is a pre-requisite in the mandatory sentencing scheme of Section 3804(d) to the requirement that he be subject to the statutory maximum sentence. We therefore disagree with the Commonwealth that the imposition of a sentence within the standard range but without the required Assessment complies with the sentencing scheme articulated in Sections 3814, 3815, and 3804.

Although this Court has not previously addressed drug and alcohol assessments in relation to sentencing, the Superior Court has. As discussed above, the Borovichka court agreed with the argument presented therein by the Commonwealth as appellant that the sentence could not stand where it was imposed prior to the presentence drug and alcohol Assessment, because Section 3814 "clearly mandates that drug and alcohol assessments occur before sentencing. . ." 18 A.3d at 1255. The Superior Court recognized that "by failing to order the evaluation to take place before sentencing, the court was without the information necessary to craft a sentence to meet Borovichka's

individual needs," and therefore vacated the judgment of sentence, remanding for resentencing in accord with Sections 3814 and 3804.

Accordingly, we hold that a sentencing court has no discretion or authority to impose a sentence for a DUI violation prior to the completion of the Assessment required by Section 3814. This section requires, in certain circumstances including those presented herein (where Appellant had a prior DUI conviction within ten years), a full drug and alcohol assessment, to be completed prior to sentencing. For the benefit of the offender and the public, the legislature set forth a specific and precise sentencing scheme that requires, in Sections 3804 and 3815, that the treatment recommendations developed through the Assessment be implemented as part of the offender's sentence. A sentence imposed without the requisite presentence Assessment does not comply with the Vehicle Code's mandatory sentencing scheme for DUI offenders.

Turning to the final issue before us, we address whether an offender has the ability to waive, by his conduct or otherwise, the full Assessment required by Section 3814 and to be sentenced without it. In this respect, Franklin County has not previously applied the requirements of Section 3814. Accordingly, at the time of Appellant's initial sentencing hearing and the rescheduled hearing, there was no designated agency or personnel pursuant to Section 3814(3) providing presentence Assessments in Franklin County, nor was there a mechanism in place for an offender to obtain an independent Assessment to present to the court before being sentenced. Additionally, the sentencing court suggested that the reason Appellant did not obtain the Assessment was because there was no funding available for it. Under these circumstances, therefore, as conceded by the parties, supra n.7, Appellant herein had no ability to

obtain an Assessment before being sentenced. Having no ability to obtain the Assessment, he cannot be faulted under these facts for not obtaining one.[18]

Therefore, we are not faced with a question of Appellant's non-compliance with presentence requirements. Rather, we are faced with a question of the county's non-compliance; a county that apparently did not implement Section 3814(2) and sentenced Appellant without providing him the opportunity to obtain an Assessment. Under these facts, we hold that Appellant did not waive the presentence Assessment requirement of Section 3814(2), through his conduct or otherwise.[19]

Accordingly, we reverse the order of the Superior Court, vacate Appellant's sentence, and remand for resentencing in accord with Sections 3814, 3815, and 3804.

Former Justice McCaffery did not participate in the decision of this case.

Mr. Chief Justice Castille, Mr. Justice Saylor and Madame Justice Todd join the opinion.

Mr. Justice Eakin files a dissenting opinion in which Mr. Justice Stevens joins.

---

[18] As we have explained, the Assessment required by Section 3814(2) is not discretionary; it is a mandatory component of the DUI sentencing scheme enacted by the legislature. It is incumbent on each county to ensure the availability of Assessments and to otherwise comply with the Vehicle Code.

[19] Because Appellant's waiver, or noncompliance, is not before us on the facts presented, we leave for another day the consequence of a defendant's noncompliance with a court-ordered Assessment.