J-S17018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES CHARLES COLE, | |
| Appellant | No. 656 WDA 2014 |

Appeal from the Judgment of Sentence Entered March 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0015767-2012

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 10, 2015**

Appellant, James Charles Cole, appeals from the judgment of sentence entered on March 24, 2014, following the revocation of his probation. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

On March 18, 2013, Appellant, James Cole, pled guilty to two counts of Indecent Assault Person Less than 13 Years of Age, one count of Corruption of Minors, one count of Unlawful Contact with a Minor, and one count of Sale of Tobacco. This Court sentenced him to six to twelve months [of] incarceration, paroled forthwith and placed him on five years [of] probation with one year of that probation to be served on intermediate punishment. On March 24, 2014, after a hearing, this Court revoked Appellant's probation based on technical violations and lack of housing to serve his intermediate punishment sentence,

_____

[*]  Former Justice specially assigned to the Superior Court.

and resentenced him to 24 to 72 months [of] incarceration and 11 years of probation consecutive [to the term of incarceration]. On April 23, 2014, Appellant filed a Notice of Appeal and on June 25, 2014 a Concise Statement of Errors Complained Of.

Trial Court Opinion, 11/14/14, at 1 (footnotes omitted).

On appeal, Appellant raises the following question for this Court's consideration:

Did the trial court impose an illegal sentence of total confinement upon a revocation of probation where it explicitly justified such a sentence on factors not contained under 42 Pa.C.S. §9771(c)?

Appellant's Brief at 6 (full capitalization omitted).

A claim that the trial court failed to make proper statutory findings pursuant to 42 Pa.C.S. § 9771(c) prior to imposing a sentence of total confinement upon revocation of probation is a challenge to the discretionary aspects of a sentence; it is not a challenge to the legality of sentence presenting a nonwaivable jurisdictional issue. *Commonwealth v. Schutzues*, 54 A.3d 86, 95-96 (Pa. Super. 2012). We point out that a statement pursuant to Pa.R.A.P. 2119(f) that concisely sets forth the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence is required when a party is challenging the discretionary aspects of a sentence. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014). Where a defendant fails to file a Pa.R.A.P. 2119(f) statement relative to a challenge to the discretionary aspects of his sentence and the Commonwealth objects, the challenge will be deemed waived. *Id*. at 1274.

Here, Appellant failed to file a Pa.R.A.P. 2119(f) statement, and the Commonwealth objected. The Commonwealth's Brief at 6. In apparent recognition of his failure to file a Pa.R.A.P. 2119(f) statement, and despite the clearly stated *Schutzues* holding, Appellant argues that his claim may be addressed by this Court because it is actually a challenge to the legality of his sentence. Appellant's Reply Brief at 1. Appellant attempts to bolster his argument by citing to *Commonwealth v. Taylor*, 104 A.3d 479 (Pa. 2014), wherein a majority of the Supreme Court concluded that a presentence assessment for alcohol and drug addiction under 75 Pa.C.S. § 3814 was mandatory where a defendant was convicted of DUI and had a prior DUI conviction within ten years. *Taylor*, 104 A.3d at 491. In that case, the Supreme Court held that the sentencing court's failure to direct the defendant to undergo a presentence assessment for alcohol and drug addiction prior to imposing sentence implicated the legality of sentence, and the Court discussed the use of the word "shall" in 75 Pa.C.S. § 3814. *Id*. at 486. We point out, however, that there is no mandate in *Taylor* requiring this Court to extrapolate its conclusion relative to 75 Pa.C.S. § 3814 to the instant case and convert a challenge to a discretionary aspect of a sentence under 42 Pa.C.S. § 9771 into a challenge to the legality of a sentence. *Commonwealth v. Tobin*, 89 A.3d 663 (Pa. Super. 2014). In *Tobin*, this Court discussed the fact that simply because a sentencing statute uses the word "shall," a violation of that statute does not necessarily implicate the legality of a sentence.

The rationale for concluding that RRRI eligibility is an illegal sentencing issue rests on the grounds that the RRRI statute declares that a court "shall" determine eligibility. **Commonwealth v. Robinson**, 7 A.3d 868, 871 n.2 (Pa. Super. 2010). Similar use of the word "shall," nonetheless, appears in discussing a trial court's obligation to consider the sentencing guidelines as well as state the reasons for the sentence imposed, see 42 Pa.C.S. § 9721, which are not considered legality of sentence concerns. Succinctly put, the use of the word "shall" in a sentencing statute is far from dispositive of whether a claim relates to an illegal sentence. **See Commonwealth v. Schutzues**, 54 A.3d 86 (Pa. Super. 2012); **Commonwealth v. Cappellini**, 690 A.2d 1220, 1228 (Pa. Super. 1997) (despite 42 Pa.C.S. § 9721(b) providing, "the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed" the court concluded that a claim that the court did not provide its reasons for sentencing constituted a discretionary sentencing claim).

**Tobin**, 89 A.3d at 669 n.4.

Accordingly, we conclude that pursuant to the express holding in **Schutzues**, Appellant presented a challenge to the discretionary aspects of his sentence. However, due to his failure to file a Pa.R.A.P. 2119(f) statement and the Commonwealth's objection to that failure, we are constrained to conclude that Appellant's issue is waived on appeal. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

P.J. Gantman Joins the memorandum.

Justice Fitzgerald Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2015