J-S17024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WAYNE FRAZER BRABSON, | |
| Appellant | No. 859 WDA 2014 |

Appeal from the Order Entered May 5, 2014
In the Court of Common Pleas of Lawrence County
Criminal Division at No(s): CP-37-CR-0001171-2002

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 15, 2015**

Appellant, Wayne Frazer Brabson, appeals *pro se* from the order entered on May 5, 2014, that denied his motion for resentencing. After review, we affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> On March 20, 2003, [Appellant] was found guilty by a jury on the following charges: Aggravated Assault/Cause Serious Bodily Injury, a violation of 18 Pa.C.S.A. § 2702, Aggravated Assault/Attempt to Cause Serious Bodily Injury, a violation of 18 Pa.C.S.A. § 2702, Terroristic Threats, a violation of 18 Pa.C.S.A. § 2706, Unlawful Restraint/Risk Serious Injury, a violation of 18 Pa.C.S.A. § 2902, and two counts of Simple Assault, a violation of 18 Pa.C.S.A. § 2701. [Appellant] was sentenced on May 28, 2003, to a total aggregate term of imprisonment of no less than 8 years nor more than 25 years.

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant] did not file a post-sentence motion challenging the discretionary aspects of his sentence within 10 days of the date of his sentence, nor did he raise such a challenge to his sentence on direct appeal or in his post-conviction proceedings. [Appellant] is now for the first time seeking resentencing on the basis that his prior record score was incorrectly determined at the time of his sentencing in 2003. [Appellant] filed this motion for resentencing on April 30, 2014. The Court denied [Appellant's] motion without a hearing on May 5, 2014.

Trial Court Opinion, 7/29/14, at 1-2. This appeal followed.

On appeal, Appellant raises fifteen issues challenging the ramifications of the trial court's alleged improper calculation of his prior record score. Appellant's Brief at 12 (unnumbered page). However, prior to addressing the issues Appellant purports to raise on appeal, we must first address the timeliness of Appellant's underlying motion for resentencing.

Foremost, Appellant's motion for resentencing and issues on appeal all concern an allegedly improper calculation of Appellant's prior record score. Motion for Resentencing, 4/30/14; Appellant's Brief at 12 (unnumbered pages). Appellant asserts that his claims are non-waiveable challenges to the legality of his sentence. Appellant's Brief at 1. He is incorrect. A claim that the sentencing court relied on an improper prior record score is a challenge to the discretionary aspects of a sentence. ***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998). Indeed, while challenges to the legality of a sentence can generally not be waived, challenges to the discretionary aspects of a sentence are subject to waiver. ***See Commonwealth v. Taylor***, 104 A.3d 479, 489 (Pa. 2014) (discussing the distinctions between challenges to the legality of a sentence and the

discretionary aspects of a sentence and explaining that the latter is subject to waiver).

Appellant was sentenced on May 28, 2003. In its opinion, the trial court correctly explained that at the time Appellant filed his motion for resentencing on April 30, 2014, the trial court was without jurisdiction to modify Appellant's sentence, which had been imposed nearly eleven years earlier. Trial Court Opinion, 7/29/14, at 3. This is because the trial court had no authority to alter Appellant's sentence thirty days after the sentence was entered. *Commonwealth v. Walters*, 814 A.2d 253 (Pa. Super. 2002); 42 Pa.C.S. § 5505. Therefore, the trial court correctly denied Appellant's patently untimely motion.[1]

---

[1] To the extent Appellant is now attempting to pursue relief through the appellate process in an effort to challenge the discretionary aspects of his sentence, Appellant's claim fails. A challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must determine: (1) whether appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted). As noted above, Appellant was sentenced on May 28, 2003. Therefore, in order to present a timely appeal to the discretionary aspects of his sentence, Appellant was required to file his appeal on or before June 27, 2003. *See* Pa.R.A.P. 903(a) (stating that the notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Appellant's notice of appeal was not filed until May 16, 2014. Therefore, we are prevented from reviewing

*(Footnote Continued Next Page)*

Additionally, we note that under certain circumstances, an untimely post-sentence motion may be considered a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. *Commonwealth v. Evans*, 866 A.2d 442, 443-444 (Pa. Super. 2005). In *Evans*, this Court explained that regardless of the title of the document filed, prisoners seeking post-conviction relief must be afforded the assistance of counsel in filing a first PCRA petition. *Id*. This construct protected an indigent petitioner's right to file a counseled first PCRA petition where the relief sought was cognizable under the PCRA. *Id*. This holding however, is of no benefit to Appellant in the instant case. Here, Appellant filed a timely first PCRA petition that was denied in an order filed on June 21, 2010.[2] Therefore, Appellant exercised his right to, and received the benefit of, a counseled PCRA petition. Thus, the protections afforded by *Evans* are inapplicable. Accordingly, there is no basis upon which to deem Appellant's untimely post-sentence motion a PCRA petition.[3]

_(Footnote Continued)_ ────────────

Appellant's challenge to the discretionary aspects of his May 28, 2003 judgment of sentence because the appeal is untimely.

[2] Appellant did not appeal the denial of his PCRA petition. In fact, Appellant filed a letter on June 30, 2010, informing the Lawrence County Prothonotary that he would not be filing an appeal.

[3] Even if Appellant's motion for resentencing were to be construed as a PCRA petition, no relief would be due. A PCRA petition must be filed within one year of the date the judgment became final, and any petition filed outside of the one-year jurisdictional time bar is unreviewable unless it meets certain listed exceptions and is filed within sixty days of the date the

_(Footnote Continued Next Page)_

For the reasons set forth above, Appellant is entitled to no relief. Appellant's April 30, 2014 motion for resentencing was patently untimely, and the trial court had no authority to amend Appellant's judgment of sentence. We conclude that there was no error in the trial court's decision and no basis upon which Appellant is entitled to relief. Accordingly, we affirm the order entered on May 5, 2014.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015

*(Footnote Continued)* ————————————

claim first could have been presented. ***Commonwealth v. Lesko***, 15 A.3d 345, 361 (Pa. 2011) (citing 42 Pa.C.S. § 9545(b)(1)). Here, Appellant's motion for resentencing was filed years after his judgment of sentence became final, and Appellant has failed to plead, much less prove, that any exceptions apply. Moreover, challenges to the discretionary aspects of a sentence, such as those presented here, are not cognizable under the PCRA. ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa. Super. 2007).