J-S29011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS GIBBONEY, | : | |
| | : | |
| Appellant | : | No. 3414 EDA 2017 |

Appeal from the PCRA Order October 6, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0001391-2013

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS[*], P.J.E.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 21, 2018**

Douglas Gibboney appeals *pro se* from the order entered October 6, 2017, denying his second petition[1] filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

As we assume the parties' familiarity with this matter, we include only the factual and procedural history necessary to resolve this appeal. On March 2, 2015, Appellant filed a *pro se* petition pursuant to the PCRA. The court appointed counsel who later filed an amended petition. In the amended petition, Appellant asserted that the trial court's failure to order a drug and alcohol assessment pursuant to the dictates of 75 Pa.C.S.A. § 3814 rendered

---

[*] Former Justice specially assigned to the Superior Court.

[1] As discussed in more detail below, Appellant's motion to withdraw guilty plea and for appointment of counsel should have been considered, and treated as, a second PCRA petition.

his sentence for driving under the influence ("DUI") illegal, relying on a case decided after his sentencing. **See Commonwealth v. Taylor**, 104 A.3d 479, 490 (Pa. 2014) (holding the "plain language of Section 3814(2) indicates that an Assessment is a mandatory presentence requirement[])". Following a hearing on this issue, the PCRA court granted Appellant PCRA relief, in part, by directing Appellant to undergo a drug and alcohol assessment, but denied all other claims. Importantly, this grant of PCRA relief did not vacate Appellant's DUI sentence. Appellant did not appeal this order.

On September 1, 2017, after undergoing a drug and alcohol assessment, Appellant filed a motion to withdraw his guilty plea and for appointment of counsel.[2] The court held a hearing on these matters, at which Appellant expressed his belief that he was entitled to the liberal pre-sentence standard for withdrawing his guilty plea because the PCRA order *should* have vacated his DUI sentence. On October 6, 2017, the court denied his motion as untimely. Further, the court noted that after reviewing the negative drug and alcohol assessment, the court did not find the need to vacate Appellant's sentence and re-sentence him. This timely appeal follows.

On appeal, Appellant raises the following issues for our review:

1. Whether the PCRA court committed reversible error when it failed to vacate the illegal sentence.

---

[2] PCRA counsel had withdrawn, with Appellant's consent, on December 14, 2016.

2. Whether the PCRA court committed reversible error when it failed to grant the motion to withdraw guilty plea and for appointment of counsel.

3. The PCRA court committed reversible error when it heard the Commonwealth on the motion to withdraw guilty plea and for appointment of counsel despite Appellant's objection based on waiver.

Appellant's Brief, at 3 (unnecessary capitalization omitted).

Initially, we note Appellant's first claim is not properly before this court. Appellant claims that the PCRA court erred by failing to vacate his illegal sentence. Specifically, Appellant contends that the court erred by ordering a drug and alcohol assessment without first vacating his sentence.

Our review of the record reveals that this claim of error stems solely from the PCRA court's final order of August 1, 2017. Appellant, however, did not appeal that order. The only order before this court is the PCRA court's October 6, 2017 order. As Appellant's first claim of error arose in an order not before us, we cannot consider it. *See Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) ("[A]n appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.")

Moving to Appellant's next issue, he claims the court erred by failing to grant his requests to withdraw his guilty plea and for appointment of counsel. Before we can address this issue, we must address the court's jurisdiction to entertain these requests.

As noted, the PCRA court's order of August 1, 2017 did not vacate Appellant's sentence or alter its finality. Although in filing his motion Appellant

believed that his sentence no longer stood, we have repeatedly held that a filing by a defendant seeking relief, after his judgment of sentence is final, should be considered a petition for PCRA relief. *See*, *e.g.*, *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011); *Commonwealth v. Hutchins*, 760 A.2d 50, 52 n.1 (Pa. Super. 2000). As such, the court should have treated Appellant's motion as his second PCRA petition. However, while the court erred by failing to consider Appellant's motion a PCRA petition, we conclude that the court was correct to dismiss the motion.[3]

"Our standard of review of a trial court order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Perez,* 103 A.3d 344, 347 (Pa. Super. 2014) (citation omitted).

The timing of a PCRA petition "is a threshold question implicating our subject matter jurisdiction and the ability to grant the requested relief." *Commonwealth v. Whitney*, 817 A.2d 473, 478 (Pa. 2003) (citation omitted). A second petition must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, an

---

[3] Because the court did not consider Appellant's motions as a PCRA petition, it did not issue a notice of intent to dismiss as required by Pa.R.Crim.P. 907. However, because Appellant has not challenged this failure, any issue concerning lack of notice has been waived. *See Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007). Further, even if Appellant had challenged the court's failure to provide Rule 907 notice, we are not obligated to remand for notice if the petition itself is untimely. *See id*.

- 4 -

exception to the timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking one of these statutory exceptions "shall be filed within 60 days of the date the claim could have been presented[,]" 42 Pa.C.S.A. § 9545(b)(2), and exceptions to the PCRA's time bar must be pled in the petition. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Here, Appellant's judgment of sentence became final on May 19, 2014.[4] *See* Pa.R.A.P. 903; *see also* 42 Pa.C.S.A. § 9545(b)(3). Accordingly, Appellant had until May 19, 2015 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's motion, filed September 1, 2017, was patently untimely and Appellant had the burden of pleading and proving at least one of the enumerated statutory exceptions to the PCRA's one-year time bar.

Appellant did not allege any of those exceptions. Therefore, Appellant's motion constitutes an untimely second PCRA petition. The court lacked

---

[4] We recognize that the Commonwealth disputes the PCRA court's determination of when Appellant's judgment of sentence became final. *See* Commonwealth's Brief, at 7-13 (arguing that Appellant's judgment of sentence became final on February 8, 2014). However, the Commonwealth did not challenge the PCRA court's calculation during the pendency of Appellant's first PCRA petition. We will utilize the final sentence date as contemplated by the court in the first PCRA proceeding. Regardless, the second petition is patently untimely.

- 5 -

jurisdiction to address it on the merits. Therefore, albeit for different reasons than those set forth by the lower court, we affirm.[5]

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/18

---

[5] As we have concluded that the court should not have even *considered* Appellant's motion, his claim that the court erred by considering the argument of the Commonwealth opposing his motion is moot.