**[J-19-2018]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**


**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**


| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 41 WAP 2017 |
| | : | |
| Appellant | : | Appeal from the Order of the Superior |
| | : | Court entered December 6, 2016 at |
| | : | No. 1788 WDA 2015, affirming the |
| v. | : | Order of the Court of Common Pleas |
| | : | of Greene County entered October 9, |
| | : | 2015 at No. CP-30-CR-0000079-2015 |
| ALEXIS POPIELARCHECK, | : | |
| | : | ARGUED: April 10, 2018 |
| Appellee | : | |


## OPINION


**JUSTICE DONOHUE**                                   **DECIDED: August 17, 2018**

We granted review in this case to consider the interplay between two alternative sentencing schemes for persons convicted of a second offense for driving under the influence or alcohol or a controlled substance ("DUI"). In particular, we agreed to decide whether, when sentencing a repeat offender in need of further treatment to county intermediate punishment ("CIP") under section 9763 of the Sentencing Code, 42 Pa.C.S. § 9763, the sentencing court must impose the statutory maximum sentence under section 3804(d) of the Vehicle Code, 75 Pa.C.S. § 3804(d). As we conclude that the Sentencing Code and the Vehicle Code establish independent alternative sentencing schemes, the sentencing court in this case was not required to impose the statutory maximum sentence when ordering Appellee Alexis Popielarcheck ("Popielarcheck") to serve a CIP sentence. Accordingly, the order of the Superior Court is hereby affirmed.

On August 8, 2014, police stopped Popielarcheck after observing her weaving onto and over road markers. A blood draw confirmed that she had in her system a combination of alprazolam, marijuana, cocaine, benzoylecognine, and hydrocodone. On January 15, 2015, the police filed a criminal complaint. On March 3, 2015, Popielarcheck underwent a drug and alcohol assessment at the Greene County Human Services Drug and Alcohol program, but she failed to pursue the treatment recommendation. On June 4, 2015, she underwent a second assessment at the same facility, which resulted in a recommendation that she pursue inpatient treatment at the Greenbriar Treatment Center ("Greenbriar").

On June 15, 2015, Popielarcheck plead guilty to two misdemeanor counts of DUI, 75 Pa.C.S. § 3802(d)(1)(i) (marijuana) and (d)(2) (various).[1] The sentencing court modified her bail to require that she attend and complete the recommended treatment at Greenbriar. Popielarcheck began treatment on June 23, 2015 and completed it on July 14, 2015. On September 1, 2015, the court conducted a sentencing hearing. Her discharge summary from Greenbriar, which was admitted into evidence without objection, reflected that her prognosis at the time of discharge was "poor" and that her success would depend upon her following through with aftercare recommendations. N.T, 9/1/2015, at 17-18. Popielarcheck, who had one prior DUI conviction in 2007, testified to relapsing "many times over." *Id.* at 12.

Under the Sentencing Code, Popielarcheck was eligible for a CIP sentence. 42 Pa.C.S. § 9804. Conversely, under the Vehicle Code, Popielarcheck's minimum term of confinement was ninety days, 75 Pa.C.S. § 3804(c)(2)(a), and her maximum term of

---

[1] Popielarcheck also plead guilty to thirteen counts of violation of driving on roadways laned for traffic, 75 Pa.C.S. § 3309; reckless driving, 75 Pa.C.S. § 3736; and restraint systems, 75 Pa.C.S. § 4581(a)(2)(ii).

confinement was five years, as her crimes (75 Pa.C.S. § 3802(d)(1)(i) and (d)(2)) are first-degree misdemeanors, 75 Pa.C.S. § 3803(b)(4), which carry a five-year maximum sentence. *See* 18 Pa.C.S. § 1104(1).

The trial court sentenced Popielarcheck to a CIP sentence, consisting of "total supervision of 2 years, with the first 120 days to be served on house arrest at a residence approved by the probation and parole office, and thereafter, 20 months of regular supervision." Order, 9/1/2015, at 4. She received twenty-one days of credit for the time she spent at Greenbriar. *Id.* The Commonwealth, both at the sentencing hearing and then in a post-trial motion, argued that the court's sentence failed to comply with section 3804(d) of the Vehicle Code.[2] N.T., 9/1/2015, at 36-37; Petition for Modification of Sentence, 9/11/15, ¶¶ 16-19. In particular, the Commonwealth argued that section 3804(d) provides that when a pre-sentence drug and alcohol assessment results in a finding that the individual is in need of additional treatment, the court must impose "a maximum sentence equal to the statutorily available maximum." Petition for Modification of Sentence, 9/11/15, ¶¶ 16 (citing 75 Pa.C.S. § 3804(d)). Because Popielarcheck's two

---

[2] As discussed at greater length herein, section 3804(d) of the Vehicle Code provides, in relevant part:

> **(d) Extended supervision of court.--**If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum.

75 Pa.C.S. § 3804(d).

drug and alcohol assessments both resulted in findings that she was in need of additional treatment, the Commonwealth argued that her CIP sentence had to be for a term of five years, the statutory maximum sentence for misdemeanors of the first degree. *Id.*

The sentencing court denied the post-trial motion and the Commonwealth appealed.[3] In its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the sentencing court explained that it applied its discretion and did not sentence Popielarcheck to the five-year statutory maximum under 75 Pa.C.S. § 3804(d) despite that it is what "the statutory language appears to mandate." Trial Court Opinion 4/25/2016, at 5. The sentencing court questioned whether the language was mandatory or discretionary and indicated that it "would appreciate some clear direction from the Appellate Court on how … to proceed." *Id.* at 6.

The Superior Court affirmed the sentence, holding that a sentencing court is authorized to sentence a defendant convicted of a second DUI offense to a CIP sentence under the Sentencing Code, and that because Popielarcheck was not sentenced under the Vehicle Code, section 3804(d) did not apply. *Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1093 (Pa. Super. 2016). The Superior Court noted that section 3804(d) begins with an important restriction on its application, namely, that it applies only if the defendant "is sentenced pursuant to this chapter." *Id.* (quoting 75 Pa.C.S. § 3804(d)). The Superior Court understood "this chapter" to refer to Chapter 38 of the Vehicle Code, and because the trial court sentenced Popielarcheck pursuant to Chapter 97 of the Sentencing Code,

---

[3] In response to post-trial motions, the sentencing court amended its sentencing order to include "[h]ouse arrest with electronic surveillance," and an increase of the fine from $1000 to $1500. Trial Court Order, 10/8/2015, at 1. These modifications have not been challenged on appeal.

"neither the mandatory minimum nor maximum provisions of [section 3804(d) of the Vehicle Code] apply and the sentence imposed is not illegal." *Id.*

We granted allowance of appeal to determine whether an individual sentenced to CIP is nonetheless subject to the mandatory maximum in section 3804(d) of the Vehicle Code. 75 Pa.C.S. § 3804(d). Because this is a matter of statutory interpretation, our scope of review is plenary and the standard of review is de novo. *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239, 1241 (Pa. 2017); *Commonwealth v. Taylor*, 104 A.3d 479, 485-86 (Pa. 2014). As always, when interpreting statutory provisions, we aim to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). The best indication of the General Assembly's intent may be found in the plain language of the statute. *Commonwealth v. Wright*, 14 A.3d 798, 814 (Pa. 2011). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

In support of its position, the Commonwealth concedes that sentencing courts have the discretion to sentence an eligible DUI offender to a CIP sentence under the Sentencing Code rather than a sentence of total confinement under the Vehicle Code. Commonwealth's Brief at 17-18. The Commonwealth maintains, however, that even when sentencing under the Sentencing Code, the sentence must comply with section 3804(d) of the Vehicle Code. *Id.* at 17. According to the Commonwealth, no statutory language in the Sentencing Code supplants the requirements of section 3804(d) and thus, the Superior Court erred in ruling that the Sentencing Code provides a "wholesale bypass" of that provision. *Id.*

In response, Popielarcheck contends that section 3804(d) applies only when a court imposes a sentence of total confinement under the Vehicle Code. Popielarcheck's Brief at 15-16. She notes that by its terms, section 3804(d) applies only when an offender is sentenced pursuant to Chapter 38 of the Vehicle Code. *Id.* at 14. Moreover, section 3804(d) cannot have any application to a CIP sentence, as it establishes minimum and maximum periods of incarceration for a DUI offender in need of further treatment. *Id.* CIP sentences, however, are not minimum-maximum sentences, but rather are for a single definite term. *Id.* at 15. Popielarcheck insists that the Sentencing Code and the Vehicle Code provide alternative sentencing schemes for DUI offenders, and that sentencing courts should exercise their discretion in selecting an individualized sentence for each defendant. Here, the sentencing court imposed a CIP sentence in recognition of, inter alia, her addiction and the treatment steps that she had made towards a recovery. *Id.* at 17.

Our analysis begins with a review of the relevant statutes. Section 9721 of the Sentencing Code provides courts with alternative sentencing options.

§ 9721. Sentencing Generally

**(a) General Rule.—**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5)  A fine.

(6)  County intermediate punishment.

(7)  State intermediate punishment.

**(a.1) Exception.—**

(1) Unless specifically authorized under section 9763 (relating to a sentence of county intermediate punishment) or 61 Pa.C.S. Ch. 41 (relating to State intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.

42 Pa.C.S. § 9721(a)-(a.1).[4]

Two of these alternatives concern us here:  CIP sentences pursuant to Chapter 97

of the Sentencing Code and sentences of total confinement pursuant to Chapter 38 of the

Vehicle Code.  Section 9763(a) of the Sentencing Code provides as follows:

§ 9763. Sentence of county intermediate punishment

(**a) General rule.—**In imposing a sentence of county intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in a county intermediate punishment program established under Chapter 98 (relating to county intermediate punishment) or a combination of county intermediate punishment programs. The term may not exceed the maximum term for which the defendant could be confined and the program to which the defendant is sentenced. The court may order a defendant to serve a portion of the sentence under section 9755 (relating to sentence of partial confinement) or 9756 (relating to sentence of total

---

4   The exception set forth in section 9721(a.1) does not limit a court's discretion to sentence a DUI offender to CIP for first, second or third offenses.  *See* 42 Pa.C.S. § 9804(b)(5) ("A defendant subject to 75 Pa.C.S. § 3804 (relating to penalties) … may only be sentenced to county intermediate punishment for a first, second or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs)... ."). The mandatory **minimum** sentences set forth in 75 Pa.C.S. § 3804 for DUI offenses may be satisfied by restrictive intermediate punishment CIP programs.   204 Pa.Code § 303.12(b)(v).

confinement) and to serve a portion in a county intermediate punishment program or a combination of county intermediate punishment programs.

42 Pa.C.S. § 9763(a). Under this provision, the court must specify the precise length of the term the defendant must serve to satisfy his or her CIP sentence, and this term may not be in excess of the statutory maximum sentence for the crimes for which he or she has been convicted. CIP programs include restrictive punishments and restorative sanctions.

§ 9804. County intermediate punishment programs

**(a) Description**.--County intermediate punishment program options shall include the following:

(1) Restrictive intermediate punishments providing for the strict supervision of the offender, including programs that:

(i) house the offender full or part time;

(ii) significantly restrict the offender's movement and monitor the offender's compliance with the program; or

(iii) involve a combination of programs that meet the standards set forth under subparagraphs (i) and (ii).

(2) When utilized in combination with restrictive intermediate punishments, restorative sanctions providing for nonconfinement sentencing options that:

(i) Are the least restrictive in terms of the constraint of the offender's liberties.

(ii) Do not involve the housing of the offender, either full or part time.

(iii) Focus on restoring the victim to pre-offense status.

42 Pa.C.S. § 9804(a).

A DUI offender convicted of a first, second or third offense may be sentenced to CIP only after undergoing a drug and alcohol assessment.

**(c) Restriction.—**

> (1) Any person receiving a penalty imposed pursuant to 75 Pa.C.S. § 1543(b) (relating to driving while operating privilege is suspended or revoked), former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) or 75 Pa.C.S. § 3804 (relating to penalties) for a first, second or third offense under 75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) may only be sentenced to county intermediate punishment after undergoing an assessment under 75 Pa.C.S. § 3814 (relating to drug and alcohol assessments).

42 Pa.C.S. § 9763(c)(1). Section 3814 of the Vehicle Code, in turn, provides that the drug and alcohol assessment is performed using evaluation techniques appropriate to "determine the extent of the defendant's involvement with alcohol or other drug and to assist the court in determining what type of sentence would benefit the defendant and the public." 75 Pa.C.S. § 3814(1). Repeat DUI offenders are subject to a full assessment, which must consider "issues of public safety" and include recommendations regarding the length of stay, levels of care, and follow-up care and monitoring. 75 Pa.C.S. § 3814(2).

If the assessment results in a finding that the defendant is in need of further treatment, a CIP sentence must comply with section 9763(c)(2):

**(c) Restriction.—**

* * *

> (2) If the defendant is determined to be in need of drug and alcohol treatment, the defendant may only be sentenced to county intermediate punishment which includes participation

in drug and alcohol treatment under 75 Pa.C.S. § 3815(c)[5] (relating to mandatory sentencing). The defendant may only be sentenced to county intermediate punishment in:

> (i) a residential inpatient program or a residential rehabilitative center;
>
> (ii) house arrest with electronic surveillance;
>
> (iii) a partial confinement program such as work release, work camp and halfway facility; or
>
> (iv) any combination of the programs set forth in this paragraph.

42 Pa.C.S. § 9763(c)(2).

Conversely, pursuant to section 9721(a)(4), a court may sentence a DUI offender to an indeterminate (minimum-maximum) sentence of total confinement pursuant to Chapter 38 of the Vehicle Code. With respect to the crimes for which Popielarcheck plead guilty, section 3804(c) provides the applicable penalties:

> § 3804. Penalties.

*      *      *

> **(c) Incapacity; highest blood alcohol; controlled substances.--**An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) shall be sentenced as follows:

---

[5]  Section 3815(c) provides, inter alia, that treatment must conform to the recommendations set forth in the section 3814 assessment, must be conducted by a drug and alcohol addiction treatment program licensed by the Department of Health, and must report failures to comply with program requirements, refusals to engage in the treatment process, or terminations of participation without authorization.  75 Pa.C.S. § 3815(c).

(1) For a first offense, to:

> (i) undergo imprisonment of not less than 72 consecutive hours;

> (ii) pay a fine of not less than $1,000 nor more than $5,000;

> (iii) attend an alcohol highway safety school approved by the department; and

> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(2) For a second offense, to:

> (i) undergo imprisonment of not less than 90 days;

> (ii) pay a fine of not less than $1,500;

> (iii) attend an alcohol highway safety school approved by the department; and

> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

(3) For a third or subsequent offense, to:

> (i) undergo imprisonment of not less than one year;

> (ii) pay a fine of not less than $2,500; and

> (iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S. § 3804(c).

As with CIP sentencing, prior to sentencing under the Vehicle Code the defendant must undergo a drug and alcohol assessment pursuant to 75 Pa.C.S. § 3814, and if

determined to be in need of further treatment, he or she must complete treatment recommendations in accordance with 75 Pa.C.S. § 3815(c). Moreover, and of significance for present purposes, if the section 3814 drug and alcohol assessment determines that the defendant is in need of further treatment, the sentencing court must enter its minimum-maximum sentence in accordance with the dictates of section 3804(d):

> **(d) Extended supervision of court.--**If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2), **the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum.**

75 Pa.C.S. § 3804(d) (emphasis added). Pursuant to section 3815(b)(1), the DUI offender is eligible for parole following the expiration of his or her mandatory minimum term of imprisonment. 75 Pa.C.S. § 3815(b)(1).

The foregoing review of the two statutory sentencing schemes reveals no clear inconsistencies. There are obvious similarities, as both provide for a drug and alcohol assessment before sentencing and set forth specific requirements to be included in sentences for offenders found to be in need of further treatment. There are also obvious differences. Under the Vehicle Code, the court imposes a minimum-maximum term sentence, with a period of total confinement followed by the potential for a grant of parole. Under the Sentencing Code, the court imposes a flat-term CIP sentence to be served in full, without the possibility of parole. In accordance with section 9721(a), the two schemes provide a sentencing court with the opportunity to select from **alternative** available

sentences,[6] consistent with the proper exercise of its discretion in keeping with the general standards for sentencing. *See* 42 Pa.C.S. § 9721(b)("**General standards.--**In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

In the present case, the trial court opted to impose a two-year flat-term CIP sentence. The Commonwealth protests that because Popielarcheck had been assessed as in need of further treatment, pursuant to section 3804(d) her CIP sentence had to be set for a five-year term, the statutory maximum available sentence for a misdemeanor of the first degree. According to the Commonwealth, no statutory language in either the Sentencing Code or the Vehicle Code permits a sentencing court to disregard section 3904(d)'s mandate imposing a sentence equal to the statutory maximum available sentence where the person has been assessed to be in need of further treatment. Commonwealth's Brief at 17-18.

Contrary to the Commonwealth's contentions, the statutory language of section 3804(d) itself demonstrates that it has no applicability in Popielarcheck's case. As the Superior Court correctly recognized, the introductory language of section 3804(d) expressly limits its applicability to instances where the "a person is sentenced pursuant

---

[6] The Superior Court has observed that the General Assembly authorized the availability of CIP sentences "to give judges another sentencing option," specifically, one that "would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety." *Commonwealth v. Williams*, 941 A.2d 14, 24 (Pa. Super. 2008) (quotation omitted).

to this chapter." *Popielarcheck*, 151 A.3d at 1092 (quoting 75 Pa.C.S. § 3804(d)). A defendant receiving a CIP sentence is not being sentenced pursuant to "this chapter," i.e., Chapter 38 of the Vehicle Code, but rather is being sentenced in accordance with Chapter 97 of the Sentencing Code. *Id.* at 1093. As such, the dictates of section 3804(d) have no application.

This conclusion is further confirmed by section 3804(d)'s express instruction that if the person is sentenced pursuant to "this chapter" and is found to be in need of further treatment, "the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum." 75 Pa.C.S. § 3804(d). This language reflects that section 3804(d) applies only when the court imposes a sentence of total confinement, consisting of a minimum term and a maximum term.[7]

> **(a) General rule.—**In imposing a sentence of total confinement the court shall at the time of sentencing specify any maximum period up to the limit authorized by law and whether the sentence shall commence in a correctional or other appropriate institution.
>
> **(b) Minimum sentence.—**
>
> > (1) The court shall impose a minimum sentence of confinement which shall not exceed one-half of the maximum sentence imposed.

---

[7] *See generally Commonwealth v. Kleinicke*, 895 A.2d 562, 572 (Pa. Super. 2006) (contrasting an indeterminate sentencing scheme pursuant to which the sentencing judge announces a range consisting of a minimum and maximum sentence" with a determinate sentencing scheme, under which a court imposes a "flat" sentence for a set number of years).

42 Pa.C.S. 9756(a), (b)(1).[8]  In *Commonwealth v. Taylor*, 104 A.3d 479 (Pa. 2014), this Court stated, "The purpose of imposing the statutorily available maximum sentence against such offenders is to extend the sentencing court's parole authority pursuant to Section 3815 to require the offender to complete needed treatment."  *Id.* at 492.

In contrast, under the Sentencing Code, a CIP sentence does not contain minimum and maximum terms, as instead a CIP sentence is for a flat, definite term.  42 Pa.C.S. § 9763(a) ("In imposing a sentence of county intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in a county intermediate punishment program… .").  As a result, with respect to CIP sentences, the Sentencing Code neither requires nor permits the court to impose minimum and maximum sentences.  *See Commonwealth v. Dennis*, 164 A.3d 503, 512 (Pa. Super. 2017).  Thus, section 3804(d) cannot apply in the context of CIP sentencing, as its directives with regard to setting the lengths of the minimum and maximum sentences do not comport with the entirely different statutory requirements for the imposition of a CIP sentence.

Finally, the Commonwealth points out that pursuant to section 9763(c) of the Sentencing Code, a defendant may only receive a CIP sentence for a DUI offense after undergoing a drug and alcohol assessment under section 3814 of the Vehicle Code.  The need for pre-sentence drug and alcohol assessments, however, does not require the application of section 3804(d) when imposing a CIP sentence.  In *Commonwealth v.*

---

[8]  A portion of a CIP sentence may include a period of total confinement pursuant to section 9756.  42 Pa.C.S. § 9763(a).  This potentiality does not, however, result in a minimum-maximum sentence, as section 9756(c.1) provides that when a sentence of total confinement is combined with a CIP sentence, the order granting the CIP sentence "shall specify the number of days of total confinement" to be served.  42 Pa.C.S. § 9756(c.1).

*Taylor*, 104 A.3d 479 (Pa. 2014), this Court stated that with respect to section 3804(d), "The purpose of imposing the statutorily available maximum sentence against such offenders is to extend the sentencing court's parole authority pursuant to Section 3815 to require the offender to complete needed treatment." *Id.* at 492. While section 3804(d) sets forth a mechanism to ensure compliance with treatment requirements imposed in connection with sentences of total confinement under the Vehicle Code, the Sentencing Code sets forth different mechanisms to accomplish the same result with respect to CIP sentences, including a provision for resentencing in the event of a violation of any condition of a CIP sentence (including any condition relating to required drug and alcohol treatments). 42 Pa.C.S. § 9763(d).

For these reasons, we conclude that the trial court's order in the present case was consistent with both the Sentencing Code and the Vehicle Code. In imposing a CIP sentence for a term of two years, the trial court acted within its statutory authority and discretion. We therefore affirm the order of the Superior Court.

Chief Justice Saylor and Justices Baer, Todd, Dougherty, Wecht and Mundy join the opinion.