J-A16026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN DAVIS WILSON | |
| Appellant | No. 10 MDA 2020 |

Appeal from the PCRA Order entered December 21, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0004642-2014

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:          **FILED: OCTOBER 7, 2020**

Appellant, John Davis Wilson, appeals *pro se* from the December 21, 2019 order entered in the Court of Common Pleas of York County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Following review, we affirm.

In ***Commonwealth v. Beatty***, 207 A.3d 957 (Pa. Super. 2019), this Court reiterated:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. ***Commonwealth v. Conway***, 14 A.3d 101 (Pa. Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011).  This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa. Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007).  We do not give the same deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190 (Pa. Super. 2012).

***Id.*** at 960-61.

As reflected in the PCRA court's Rule 1925(a) opinion, and confirmed by our review of the record, Appellant was arrested in June 2014 for, *inter* alia, driving under the influence, highest rate of alcohol. He was convicted following a May 2015 jury trial and, on June 29, 2015, was sentenced to a five-year intermediate punishment sentence, with six months in the Day Reporting Center Program, six months of house arrest, and six months of Self Contained Remote Alcohol Monitoring ("SCRAM"). He did not file post-sentence motions or a direct appeal.

In October 2015, Appellant was found to be in violation of his intermediate punishment sentence. He was resentenced per agreement of the parties to serve ninety days to five years in the York County Prison, with ninety days on SCRAM. He was paroled on December 27, 2015, and was placed on SCRAM the same day.

In June 2016, Appellant filed a timely *pro se* PCRA petition claiming ineffectiveness of trial counsel for failure to seek suppression of Appellant's blood alcohol content ("BAC") test results, which revealed a blood alcohol level of .201%. Counsel was appointed but was granted leave to withdraw after filing a ***Turner/Finley***[1] letter brief. On December 2, 2016, the court issued

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

a notice of intention to dismiss pursuant to Pa.R.Crim.P. 907. However, "[b]ecause of a failure of [the court's] internal tracking system, an Opinion and Order was not timely filed." Rule 1925(a) Opinion, 3/19/20, at 4.

On December 28, 2016, Appellant was detained on new charges. Following a May 10, 2017 hearing, the court determined Appellant had violated his parole. He was sentenced to serve the unserved balance of 1,736 days, with parole granted for time served from December 28, 2016 to May 10, 2017, and was released to a Dauphin County detainer. He did not file a post-sentence motion or a direct appeal from the May 10, 2017 order.

In February, and again in March, 2019, Appellant filed *pro se* motions to correct an illegal sentence, asserting his June 2015 and May 2017 sentences were illegal. By order entered March 27, 2019, the motions were denied as untimely. Appellant filed an appeal to this Court. We issued a rule to show cause why the appeal should not be quashed. Appellant did not file a response. On July 24, 2019, we quashed the appeal as untimely. **Commonwealth v. Wilson**, No. 906 MDA 2019 (Pa. Super. filed July 24, 2019). In a footnote to the order, we noted that "Appellant has a June 27, 2016 PCRA petition pending in the trial court." **Id.** at n. 1.

On July 31, 2019, Appellant filed an amended *pro se* PCRA petition, reasserting his trial counsel ineffectiveness claim related to his BAC results and adding claims regarding "the illegal sentence(s) imposed on June 29, 2015 and May 10, 2017." Amended PCRA Petition, 7/31/19, at 3 (unnumbered).

By order entered December 21, 2019, the PCRA court denied relief. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant timely filed his brief in accordance with this Court's scheduling order. However, before we address any issues raised in his brief, we first note that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellant Procedure. **See** Pa.R.A.P. 2101. A failure to comply with those rules may result in dismissal of an appeal. **Id.** While we are willing to construe materials filed by a *pro se* litigant liberally, it bears repeating that *pro se* status does not confer any special benefit on an appellant. **See Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005). On the contrary, "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1986).

Appellant's brief fails to comply with our appellate rules in several respects. It does not include a statement of jurisdiction (Pa.R.A.P. 2111(a)(1); Pa.R.A.P. 2115), nor does it include an appropriate statement of the standard of review[2] or a statement of the scope of review (Pa.R.A.P.

---

[2] Appellant includes the following purported "Standard of Review" in his brief: "Does Appellant have a right to be free from malicious prosecution and wrongful incarceration?" Appellant's Brief at -I-.

2111(a)(3)). Although he attaches a number of exhibits to his brief, including the PCRA court's December 21, 2019 order denying Appellant's PCRA petition, the inclusion of the order as an exhibit is not in accordance with Pa.R.A.P. 2111(a)(2). In addition, he did not attach a copy of his Rule 1925(b) concise statement (Pa.R.A.P. 2111(a)(11) and (d)). Moreover, while his statement of questions identifies eight issues, the argument section of his brief is broken into three non-corresponding sections, in violation of Pa.R.A.P. 2119(a).

The deficiencies in Appellant's brief might warrant dismissal for failure to conform to the requirements of our rules. **See** Pa.R.A.P. 2101. However, despite the numerous defects in Appellant's brief, we are able to discern two claims Appellant wishes to raise, *i.e.*, that trial counsel was ineffective for failing to file a motion to suppress BAC results and that the court imposed illegal sentences in 2015 and 2017. Therefore, we shall address those issues, despite the shortcomings in Appellant's brief.

Appellant's first issue raises an ineffectiveness of counsel claim. He contends his blood was drawn without his consent, in violation of his Fourth Amendment rights. He argues counsel was ineffective for failing to file a motion to suppress the BAC results.

As the PCRA court observed, to obtain relief on an ineffectiveness of counsel claim, "a PCRA petitioner must meet the **Strickland**[3] standard."

---

[3] **Strickland v. Washington**, 466 U.S. 668 (1984).

Rule 1925(a) Opinion, 3/19/20, at 10 (citing **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa 2015)). The **Strickland** standard requires a petitioner to establish that

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

**Montalvo**, 114 A.3d at 409. "Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the **Strickland** test, the court may dismiss the claim on that basis." **Id.** at 410 (citing **Commonwealth v. Ali**, 10 A.3d 282, 291 (Pa. 2010)).

In its Rule 1925(a) opinion, the PCRA court looked to the following excerpt from the United States Supreme Court's opinion in **Florida v. Jimeno**, 500 U.S. 248 (1991):

> The touchstone of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable. Thus, we have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so. The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?

Rule 1925(a) Opinion, 3/19/20 at 9 (quoting **Jimeno**, 500 U.S. at 250-51 (citations omitted)). The court also recognized that the totality of the circumstances will be evaluated when considering voluntariness of consent. **Id.** (citing **Commonwealth v. Strickler**, 757 A.2d 884, 901 (Pa. 2000)).

"Factors important to this analysis include the 'maturity, sophistication, and mental or emotional state of the defendant (including age, intelligence and capacity to exercise free will).'" ***Id.*** at 10 (quoting ***Strickler***, 757 A.2d at 901).

At Appellant's trial,[4] the arresting officer provided the following testimony on direct examination by the prosecution relating to events after he stopped Appellant's vehicle:

> **Prosecutor**: You said earlier that you noticed an odor of possible alcoholic beverage. Did you ask him about that at any point?
>
> **Witness**: Yes, I did.
>
> **Prosecutor:** And what did he tell you?
>
> **Witness:** He had four drinks earlier.
>
> **Prosecutor:** Did he say anything else to you at that point?
>
> **Witness:** He stated that he was a paralegal and he knew the law.

Notes of Testimony, 5/14/16, at 62-63.

The officer testified that he conducted a standard field sobriety test, "specifically the walk and turn," giving Appellant instructions that included walking nine steps, turning around, and walking nine steps back. In the following exchange, the officer described Appellant's performance of the test and Appellant's statement upon completion of the test:

---

[4] We note that the trial court granted Appellant's request to proceed *pro se* and designated counsel as standby counsel.

**Prosecutor:** [W]hat was [Appellant's] performance like on that test?

**Witness:** He took 11 steps, stopped, spun around instead of turning. He spun on his foot. Then he took 7 steps back and he stopped.

**Prosecutor:** What happened when he stopped?

**Witness:** He said he wanted a blood test and he knew his rights, knew the law.

*Id.* at 66.

Appellant cross-examined the officer, covering various subjects including the events leading to the stop, the speed at which Appellant was driving, calibration of the officer's vehicle, and matters relating to the chain of custody of the blood drawn with Appellant's consent. *Id.* at 73-96. However, Appellant did not challenge—or even question—the officer's testimony indicating that Appellant requested a blood test and then consented to the blood draw. As the PCRA court observed, "[A]t the time of the incident, [Appellant] was 47 years old, and was a paralegal. Also, at no point during trial proceedings did [Appellant] argue that his blood draw was coerced or involuntary." Rule 1925(a) Opinion, 3/19/20, at 11 (references to notes of testimony omitted).[5]

The PCRA court concluded:

Based on the totality of the circumstance at the time of [Appellant's] request for a blood draw, under ***Strickler***, [Appellant] consented to the blood test voluntarily. Under

_____

[5] Appellant did not testify on his own behalf.

*Jimeno*, a "typical reasonable person" would have understood that [Appellant] voluntarily permitted a blood draw on the basis of the exchange between [the arresting officer and Appellant]. Therefore, [Appellant's] warrantless blood draw was lawful under the Fourth Amendment. [Appellant's] claim that his Fourth Amendment right was in violation because his blood was drawn without a warrant has no[] merit.

In light of the foregoing analysis, all prongs under the *Strickland* test must fail. Accordingly, [trial counsel] was not ineffective in not filing a motion to suppress [Appellant's] warrantless blood draw.

*Id.* at 11-12.

We find that the evidence of record supports the PCRA court's determination and that its conclusions are free of legal error. Appellant's ineffectiveness claim lacks merit.

Appellant also challenges the legality of the sentences imposed at the conclusion of his jury trial in 2015 and at the conclusion of his parole violation hearing in 2017. As the record reflects, Appellant did not file any timely post-sentence motions and did not file a direct appeal following the imposition of either sentence.

Addressing this issue, the PCRA court observed:

Claims are cognizable under the PCRA only if a defendant pleads and proves by a preponderance of the evidence that he was convicted of a crime under the laws of this Commonwealth, he is currently serving a sentence of imprisonment for the crime, and that the conviction resulted from any of the following: a constitutional violation, ineffective assistance of counsel, an unlawfully induced guilty plea, governmental obstruction of Appellant's appellate rights, unavailability of exculpatory evidence that would yield a different result, an unlawful sentence, and proceeding in a court without jurisdiction. 42 [Pa.C.S.A.] § 9543(a).

Claims are not cognizable if they have been previously litigated or waived. 42 [Pa.C.S.A.] § 9544. . . . An issue is waived if the defendant could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding. *Id.*

*Id.* at 12-13.

As noted above, Appellant did not file post-sentence motions or a direct appeal from the sentence imposed following trial in 2015 or from the sentence imposed following his 2017 parole violation hearing. Instead, he waited until February 2019 to file a motion to correct an illegal sentence. He followed that motion with a second *pro se* motion in March 2019, seeking to correct an illegal sentence. The trial court properly denied those motions for lack of jurisdiction due to their untimeliness. Appellant pursued an appeal from the trial court's order. We quashed the appeal as untimely filed. At that point, Appellant filed an amended PCRA petition, asserting illegality of sentence.

The PCRA court denied the amended petition, finding Appellant's illegal sentence claims were waived and, as such, were not cognizable under the PCRA. However, as our Supreme Court instructed in *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), "legality of sentence is always subject to review within the PCRA," if the claim satisfies the PCRA's time limits or one of the exceptions thereto. *Id.* at 223.

Appellant's PCRA petition was timely filed in 2016. As we noted when we quashed Appellant's direct appeal on July 24, 2019, the 2016 PCRA was still pending as of that time. Appellant used that pending PCRA petition as a

- 10 -

vehicle for raising illegality of sentence when he filed his amended PCRA petition on July 31, 2019. Therefore, it is not time-barred and we shall address it.

Appellant's claim is two-fold. He contends the trial court imposed an illegal sentence after a jury found him guilty in 2015 and again in 2017 when the trial court found he had violated his parole. Appellant's claims are meritless. With respect to the original sentence imposed in 2015, Appellant argues the sentence was an illegal "flat sentence." However, Appellant's 2015 sentence was a proper sentence of county intermediate punishment ("CIP").

> [A] CIP sentence does not contain minimum and maximum terms, as instead a CIP sentence is for a flat, definite term. 42 Pa.C.S. § 9763(a) ("In imposing a sentence of county intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in a county intermediate punishment program. . . ."). As a result, with respect to CIP sentences, the Sentencing Code neither requires nor permits the court to impose minimum and maximum sentences.

*Commonwealth v. Popielarcheck*, 190 A.3d 1137, 1145 (Pa. 2018) (citing *Commonwealth v. Dennis*, 164 A.3d 503, 512 (Pa. Super. 2017)). Appellant's 2015 sentence was a legal sentence and no relief is available under the PCRA.

Appellant also contends his 2017 sentence was illegal and could have been avoided if he had been sentenced properly in 2015. Because we have determined Appellant was properly sentenced in 2015, this claim fails. Appellant was found guilty of violating his parole and the court appropriately

sentenced him to serve the unserved balance of his sentence, with credit for time from the date of his detainer until the date of the violation order. While Appellant suggests the underlying violations were withdrawn during the May 10, 2017 hearing, **see** Appellant's Brief at 15, the violation order belies this assertion.[6]

We agree with the PCRA court's disposition of Appellant's ineffectiveness claim. We do not agree that Appellant's illegality of sentence claim was waived. However, we find the illegality of sentence claim devoid of merit and recognize this Court can affirm on any basis. **Commonwealth v. Doty**, 48 A.3d 451, 456 (Pa. Super. 2012). Therefore, we affirm the PCRA court's dismissal of Appellant's amended PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/07/2020

---

[6] The Commonwealth contends Appellant's 2017 illegal sentence argument is actually a sufficiency of evidence claim relating to Appellant's parole violation hearing. In that event, the claim would be waived for failing to preserve the issue on direct appeal. **See** Commonwealth Brief at 16-18 (citing **Commonwealth v. Treiber**, 121 A.3d 435 (Pa. 2015)). Any issues not raised in this manner will be deemed waived. **Id.** Whether read as a challenge to illegality of sentence or sufficiency of evidence, Appellant is not entitled to relief.