J-S06009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DASHON MICHAEL WALKER-BANKS | : | |
| | : | |
| Appellant | : | No. 1083 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 5, 2022
In the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0001358-2021

BEFORE:   STABILE, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED JUNE 08, 2023**

Appellant, Dashon Michael Walker-Banks, appeals from the judgment the Court of Common Pleas of Dauphin County entered on July 5, 2022. Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The record reveals that, on January 29, 2021, Trooper Nickey of the Pennsylvania State Police saw Appellant run a red light.  Trooper Nickey stopped Appellant and, while conversing with him, smelled an odor of marijuana.  Appellant's eyes were watery and droopy.  Appellant admitted to using marijuana that day, either hours or an hour prior to driving.  After failing

---

[*] Former Justice specially assigned to the Superior Court.

field sobriety tests, Appellant consented to a blood draw. Appellant's blood came back positive for both delta-9 THC and the inactive metabolites of marijuana. Appellant was found guilty of violating 75 Pa.C.S.A. § 3802(d)(1)(i) (any amount of a schedule I controlled substance) (Count 1), 75 Pa.C.S.A. § 3802(d)(1)(iii) (any amount of a metabolite of a controlled substance) (Count 2), and 75 Pa.C.S.A. § 3802(d)(2) (impaired driving due to a controlled substance) (Count 3). On the same day, at Count 1, pursuant to 42 Pa.C.S.A. § 9763, the trial court sentenced Appellant to 6 months' probation, with the first month on house arrest with electronic monitoring, a $1,000 fine, plus costs, and ordered no drugs or alcohol and full-time employment. Count 2 and Count 3 merged with Count 1 for purposes of sentencing.

This appeal followed. On August 3, 2022, the trial court entered a concise statement order directing Appellant to file a concise statement within 21 days of the order. On August 19, 2022, counsel for Appellant filed a statement of intent to file an *Anders* brief in lieu of filing a concise statement.

Appellant challenges the sufficiency of the evidence supporting his DUI convictions. Before we address the merits of the challenge, however, we must consider the adequacy of counsel's compliance with *Anders* and *Santiago*. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (stating, "[w]hen faced with a purported *Anders* brief, this Court may not

- 2 -

review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**.  The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief substantially complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous.  Counsel also sent his brief to Appellant with a letter advising him of the rights listed in **Orellana**.  Accordingly, all **Anders**' requirements are satisfied.

We now proceed to examine the issues counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide

whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (quotation omitted).

Appellant was convicted of DUI under Section § 3802(d)(1) of the Vehicle Code, which provides that:

> [a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> > (1) There is in the individual's blood any amount of a:
> >
> > > (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device, and Cosmetic Act [("CSA")];
> > >
> > > (ii) Schedule II or Schedule III controlled substance, as defined in [the CSA], which has not been medically prescribed for the individual; or
> > >
> > > (iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S.A. § 3802(d)(1).

Section 3802(d)(1), therefore, prohibits an individual from driving when there is any amount of a Schedule I controlled substance in his blood. To sustain a conviction under this Section 3802(d)(1) on this basis, the Commonwealth must provide that the defendant, at the time of driving, had in his blood any amount of either (1) the active compound of a Schedule I drug or (2) a metabolite of a Schedule I drug. **Commonwealth v. Given**, 244 A.3d 508, 511 (Pa. Super. 2020). CSA classifies marijuana or "marihuana" as a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv).

This Court has noted that Delta-9-THC is the active compound in marijuana. *Given*, 244 A.3d at 509.

The record contains ample evidence to support Appellant's conviction under Section 3802(d)(i). Trooper Nickey found Appellant in physical control of his vehicle, as he saw Appellant running a red light. Because Appellant demonstrated indicators of impairment, failed sobriety testing, and admitted to smoking marijuana earlier that day, Trooper Nickey asked him to submit to a blood draw. Appellant consented to the blood draw, which showed that his blood contained both Delta 9-THC, the active ingredient in marijuana, and the inactive metabolites of marijuana, at the time he was driving.

Therefore, we conclude that there was sufficient evidence to support Appellant's conviction for DUI under Section 3802(d)(1) and agree with counsel's assessment that this argument is wholly frivolous.

Next, Appellant was convicted of violating Section 3802(d)(2) of the Vehicle Code, which provides as follows:

> (d) An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> * * * *
>
> (2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

- 5 -

To convict a defendant of DUI under Section 3802(d)(2), the Commonwealth must demonstrate "that [the defendant] was under the influence of a drug to a degree that impairs his or her ability to safely drive or operate a vehicle." **Commonwealth v. Williamson**, 962 A.2d 1200, 1204 (Pa. Super. 2008) (citations and quotation marks omitted). Section 3802(d)(2) "does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." **Commonwealth v. Tarrach**, 42 A.3d 342, 345 (Pa. Super. 2012) (citations and quotation marks omitted). Our Supreme Court has recognized that the Commonwealth can prove DUI through evidence of "the offender's actions and behavior," including "[in]ability to pass field sobriety tests[,] demeanor, including toward the investigating officer," and refusal of chemical testing. **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009); **Commonwealth v. Myers**, 164 A.3d 1162, 1171 (Pa. 2017). **See also Commonwealth v. Griffin**, 32 A.3d 1231, 1239 (Pa. 2011) (explaining that "subsection 3802(d)(2) does not limit, constrain, or specify the type of evidence that the Commonwealth can proffer to prove its case").

Here, the record shows that Appellant ran a red light, was unable to complete the field sobriety test, and showed watery and droopy eyes. Accordingly, we conclude that there was sufficient evidence to support

Appellant's conviction for DUI under Section 3802(d)(2) and agree with counsel's assessment that this argument is wholly frivolous.

Finally, the **Anders** brief asserts that any objection to Appellant's sentence would be frivolous. The court sentenced Appellant to, *inter alia*, one month of house arrest with electronic monitoring. The court imposed this sentence under 42 Pa.C.S.A. § 9763(c), which permits restrictive probation conditions for driving under the influence, instead of a mandatory minimum prison sentence of 72 hours provided under 75 Pa.C.S.A. § 3804(c).[1] Counsel

_____

[1] Section 3804(c) provides as follows:

> An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) or testing of blood pursuant to a valid search warrant or an individual who violates section 3802(c) or (d) shall be sentenced as follows:
>
> (1)  For a first offense, to:
>
>> (i) undergo imprisonment of not less than 72 consecutive hours;
>>
>> (ii) pay a fine of not less than $1,000 nor more than $5,000;
>>
>> (iii) attend an alcohol highway safety school approved by the department; and
>>
>> (iv) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815.

75 Pa.C.S.A. § 3804(c).

maintains that the court had the discretion to impose house arrest as a condition of probation. *Anders* Brief at 12. We agree.

Where the defendant stands convicted of driving under the influence, the court may sentence the defendant to imprisonment under the mandatory minimum sentencing scheme in the Vehicle Code, *see* 75 Pa.C.S.A. § 3804, or to probation[2] under the Sentencing Code, *see* 42 Pa.C.S.A. § 9763. Probation under Section 9763 can include house arrest. 42 Pa.C.S.A. § 9763(c)(2).

Imprisonment under the Vehicle Code and probation under the Sentencing Code are "alternative" penalties for driving under the influence, and the selection of the proper alternative rests within the court's discretion. *Commonwealth v. Popielarcheck*, 190 A.3d 1137, 1144 (Pa. 2018) (imprisonment under 75 Pa.C.S.A. § 3804 and probation under 42 Pa.C.S.A. § 9763 are "two schemes [that] provide a sentencing court with the opportunity to select from alternative available sentences, consistent with the

---

[2] Until the end of 2019, Section 9763 used the term "intermediate punishment" instead of "probation." Effective December 18, 2019, "[s]ection 9763, which previously was titled 'Sentence of county intermediate punishment,' was retitled 'Conditions of probation,' and intermediate punishment is now classified as a type of probation." *Commonwealth v. Hoover*, 231 A.3d 785, 790 (Pa. 2020) (Opinion Announcing the Judgment of the Court). A plurality of the Court acknowledged that "[c]ounty intermediate punishment programs are similar to traditional probation sentences" and observed that the 2019 legislative amendments now bring county and state intermediate punishment programs "under the umbrella of probation." *Id.* (citation omitted). Section 9721 was also amended to delete references to County and State Intermediate Punishment programs.

proper exercise of its discretion in keeping with the general standards for sentencing") (emphasis added). When the court elects to impose probation, the mandatory minimum imprisonment dictates of Section 3804 have no applicability. *See id.* at 1145 ("the introductory language of section 3804(d) expressly limits its applicability to instances where the 'a person is sentenced pursuant to this chapter.' . . . A defendant receiving an [intermediate punishment] sentence is not being sentenced pursuant to 'this chapter,' *i.e.*, Chapter 38 of the Vehicle Code, but rather is being sentenced in accordance with Chapter 97 of the Sentencing Code. As such, the dictates of section 3804(d) have no application").

Presently, the court sentenced Appellant to house arrest, a form of probation under Section 9763, instead of imprisonment. The court had the discretion to impose this penalty instead of applying the mandatory minimum imprisonment provisions of Section 3804. Accordingly, we agree with counsel that any objection to Appellant's sentence would be frivolous.

Finally, after conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal. ***Yorgey***, 188 A.3d at 1195.

Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>06/08/2023</u>