J-S31006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCUS BRUCE BRADLEY | : | |
| | : | |
| Appellant | : | No. 315 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 17, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002494-2023

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.:　　　　　　　　**FILED OCTOBER 15, 2025**

Marcus Bruce Bradley appeals from the judgment of sentence imposed on December 17, 2024, for his conviction of driving under influence of alcohol or controlled substance ("DUI"), third offense, under 75 Pa.C.S.A. § 3802(d)(1)(i). Bradley argues the trial court erred in imposing the maximum sentence of 7 years' incarceration. We affirm.

The trial court set forth the relevant procedural history:

[Bradley] was arrested and charged with multiple counts of DUI and several summary traffic offenses. On May 17, 2024, [Bradley] entered a voluntary, counseled guilty plea to the DUI offense identified above. The plea was entered on a written guilty plea form after a full colloquy by the [c]ourt.

In the order accepting the plea, [the trial court] scheduled sentencing, directed [the] probation department to conduct a Pre-Sentence Investigation ("PSI") and prepare a report, and directed [Bradley] to undergo statutorily required Court Reporting Network ("CRN") and drug and alcohol ("D&A") evaluations.

Subsequently, the PSI report was prepared and made available to counsel for both parties. As of the date the report was prepared, [Bradley] had obtained his CRN, but not the D&A evaluation. In fact, despite a continuance requested by his attorney that delayed sentencing for almost two months, [Bradley] had still not obtained the D&A evaluation as of the postponed hearing date. As a result, when the continued hearing convened, [Bradley's] bail was revoked and the evaluation was conducted at the Monroe County Correctional Facility.

On December 17, 2024, after another defense continuance, the sentencing hearing was re-convened. There were no objections or corrections to the PSI report. Prior to imposition of sentence, [c]ounsel for [Bradley] addressed the [c]ourt. He acknowledged that this is a third offense DUI which carries a one-year mandatory minimum, asked that [the trial court] impose the minimum, and noted that [Bradley] is RR[R]I eligible. …

\*\*\*

[The trial court] then confirmed that the D&A evaluation has been received and determined that [Bradley] was deemed to need treatment. Thereafter, [Bradley] addressed the [c]ourt, indicating that he took full responsibility for his actions, had learned from his mistakes, and wanted to put the matter behind him. After [Bradley] spoke, the attorney for the Commonwealth reiterated that this is a third offense controlled substance DUI, pointed out several aggravating factors, stated that the Commonwealth wanted [Bradley] to receive treatment, and asked for a sentence somewhere between the mandatory minimum of one year and the aggravated range of 18 months.

Thereafter, [the trial court] sentenced [Bradley] to incarceration of one to seven years in a State Correctional Institution, a standard range sentence. The sentence was run consecutively to two concurrent DUI sentences [Bradley] was serving in Luzerne County. [Bradley] was deemed eligible for the [RRRI] Program, the State Drug Treatment Program, and the Motivational Boot Camp Program, and granted time credit of 85 days. [The trial court] recited the reasons for the sentence on the record. In doing so, [the trial court] specifically identified and referenced the documents, including the PSI report and D&A evaluation, information, and sentencing factors that [it] considered.

Subsequently, [Bradley] filed post-sentence motions seeking a modification and reduction in his sentence. On January 2, 2025, [the trial court] denied the motions. [Bradley] then filed this appeal.

Trial Court Opinion, 2/25/25, at 1-3 (record citations omitted).

Bradley raises three questions for our review:

1. [] Did the [l]ower [c]ourt err and abuse its discretion by failing to consider the sentencing guidelines as required by law and failing to provide adequate reasons for its imposition of a statutory maximum sentence?

2. [] Did the [l]ower [c]ourt err and abuse its discretion by failing to consider the sentencing code as a whole in its deviation from the sentencing guidelines and its imposition of a statutory maximum sentence?

3. [] Did the [l]ower [c]ourt err and abuse its discretion by failing to consider or give appropriate weight to the circumstances of the offense, [Bradley's] background, mitigating circumstances, and/or refusing to reduce the aggregate sentence imposed of not less than one (1) year nor more than seven (7) years?

Appellant's Brief, at 3 (suggested answers and trial court answers omitted).

Bradley's claims raise a challenge to the discretionary aspects of his sentence. We note that "[g]enerally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Alameda**, 339 A.3d 504, 511 (Pa. Super. 2025) (citation omitted). However, a challenge to the discretionary aspects of a sentence may be raised after a guilty plea if there were no sentencing restrictions as a part of the plea agreement. **See id.** As Bradley's plea agreement did not include a sentencing restriction, we will address his claims.

- 3 -

"[C]hallenges to the discretionary aspects of a sentencing do not entitle an appellant to an appeal as a matter of right." ***Commonwealth v. Hoyle***, 337 A.3d 544, 574 (Pa. Super. 2025) (citation omitted). This Court evaluates an appellant's challenge to determine if he invoked our jurisdiction:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[A.] § 9781(b).

***Id.*** (brackets and case citation omitted).

Bradley filed a timely notice of appeal, preserved his issues in a post-sentence motion, and included a Rule 2119(f) statement in his brief. We therefore turn to the fourth requirement and determine whether he raised a substantial question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Id.*** (citations and quotation marks omitted).

Importantly, "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Alameda***, 339 A.3d at 512 (citation omitted). Bradley included a 2119(f) statement in his brief but did not include within

that statement any claim that his sentence is inconsistent with the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process. *See* Appellant's Brief, at 5-7 (noting that he raised a substantial question "as set forth below" in his argument section of his brief). We decline to find the claim waived, however, because Bradley's statement of questions presented raises a substantial question regarding his claim that the trial court failed to consider the sentencing guidelines. *See Commonwealth v. Twitty*, 876 A.2d 433, 438 (Pa. Super. 2005) (finding a substantial question was raised when appellant alleged the trial court failed to consider the sentencing guidelines); *Commonwealth v. Reid*, 323 A.3d 26, 30 (Pa. Super. 2024) (Reiterating that "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question.") (citation omitted).

Our standard of review is one of deference:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Alameda*, 339 A.3d at 511-12 (citation omitted).

Bradley asserts the trial court erred in imposing the maximum sentence of 7 years. *See* Appellant's Brief, at 11. Bradley does not challenge the imposition of the 1-year mandatory minimum. *See id.* at 13. Bradley believes

the 7-year maximum sentence "is contrary to the intent of the Pennsylvania Sentencing Guidelines." ***Id.***

The trial court explained it imposed the sentence it did because it was statutorily mandated to do so. ***See*** Trial Court Opinion, 2/25/25, at 9-10. Because Bradley pled guilty to a third offense, controlled substance, DUI, the trial court recognized it was required to impose at least one year incarceration as the minimum. ***See id.*** at 10 (citing 75 Pa.C.S.A. § 3804(c)(3)(i)). Furthermore, because the drug and alcohol evaluation recommended Bradley receive intensive outpatient treatment, the trial court determined Bradley was in need of treatment. ***See id.*** Therefore, as the trial court correctly found, it was "statutorily mandated to impose the 'minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum.' 75 Pa.C.S.A. § 3804(d)." ***Id.***

Bradley has not even acknowledged subsection 3804(d), which provides, in relevant part:

> **Extended supervision of court.--** If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(a), the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. …

75 Pa.C.S.A. § 3804(d).

Our Supreme Court addressed this language and found the plain language requires the trial court to impose such a sentence so the court can confirm the offender complies with treatment. ***See Commonwealth v.***

***Taylor***, 104 A.3d 479, 492 (Pa. 2014) ("The purpose of imposing the statutorily available maximum sentence against such offenders is to extend the sentencing court's parole authority pursuant to Section 3815 to require the offender to complete needed treatment.") (citation omitted). The trial court imposed the sentence it was required to impose given that it chose to sentence Bradley under the Vehicle Code for his third offense, controlled substance, DUI and found Bradley was in need of treatment based upon the section 3814(2) comprehensive D&A evaluation which recommended intensive outpatient treatment. ***See Commonwealth v. Popielarcheck***, 190 A.3d 1137, 1144-45 (Pa. 2018) (holding that subsection 3804(d) is not implicated when a trial court chooses to sentence a DUI defendant to county intermediate punishment which is imposed under the Sentencing Code and not the Vehicle Code).

Finally, we note that even if the trial court were not required to impose the minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum, we would still find Bradley's claim meritless as the trial court considered the guidelines, the PSI, and the results of the D&A evaluation. ***See*** N.T. Sentencing Hearing, 12/17/24, at 10-11; ***Alameda***, 339 A.3d at 513 (acknowledging that when a trial court has the benefit of a PSI, we presume the trial court took into consideration all relevant factors in imposing the sentence). The sentence imposed was certainly reasonable under the circumstances and facts presented to the trial court.

We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025